**SOUTHWEST FOREST INDUSTRIES, INC., Plaintiff-Respondent,**

v.

**LOEHR EMPLOYMENT SERVICE OF KANSAS CITY, INC., Defendant-Appellant.**

**No. KCD 28141.**

Missouri Court of Appeals, Kansas City District.

Nov. 1, 1976.

Arnold L. Kort, Kansas City, for defendant-appellant.

Charles L. House, C. W. Crumpecker, Jr., Lawrence M. Maher, Kansas City, for plaintiff-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

This appeal challenges the order of the circuit court dismissing defendant's appeal of a magistrate court judgment for failure to answer interrogatories filed in the circuit court by the plaintiff.

The procedural background is both convoluted and bizarre but must be explicated to clarify the issues to be resolved.

Plaintiff recovered a judgment in the Magistrate Court for $720 on June 19, 1973. Defendant filed an appeal. After the appeal was lodged in the circuit court, and on March 28, 1975, plaintiff filed interrogatories. These interrogatories were apparently filed in anticipation of a trial setting of April 21. April 2nd the trial court sustained defendant's motion for a continuance and reset the trial for May 27, 1975. On April 15, defendant objected to the interrogatories on the ground that they were not authorized in a magistrate court appeal.

From this point, the record, which is comprised only of the pleadings and orders, becomes very confused.

On May 8th, defendant moved for a continuance from the May 27th setting. This was denied May 9th, and at the same time, the objections to interrogatories were overruled. Defendant does not contend it was not notified of these rulings. That it was is demonstrated by the fact that on May 14th, it filed again for a continuance of the trial setting and for additional time to answer interrogatories. The trial court sustained both motions continuing the trial setting indefinitely and extending the time for answer to interrogatories to May 28th.

The plaintiff, meanwhile, apparently unaware of the court's order extending the time for answer to interrogatories to May 28, filed a motion for default on May 29, which alleged a default in answers premised on the answers being due May 16. Defendant does not claim it was not served with this motion.

Nothing further is shown in the record until June 10, when the court dismissed the defendant's appeal for failure to answer the interrogatories. Defendant received notice of this judgment, as well as notice of the trial court's order denying defendant's motion to set aside default, which was entered July 3, 1975.

Defendant asserts in two separate points error in the trial court's order of dismissal.

The two points may be amalgamated under a single discussion. Defendant first complains of the trial court's entry of default and second of the refusal to set it aside both on the ground that defendant had no notice of the extension of time to *it* for answering the interrogatories.

In both instances, defendant relies on Rule 74.78. Defendant insists that under the language of this rule, the trial court's "order" extending the time for filing answers to interrogatories was such an order as is contemplated by Rule 74.78. A literal reading of the rule might support that argument, the rule being:

"Upon the entry of an *order* or judgment, the clerk shall serve a notice of the entry by mail in the manner provided in Rule 43.01 upon every party affected thereby who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order of judgment. If such notice is not given, said order or judgment shall be set aside for good cause shown upon written motion filed within 6 months from the entry of the order or judgment." (Emphasis supplied.)

However, as the plaintiff notes, there is a special rule relating to extensions of time and notice of such extensions. Rule 44.01(b) is as follows:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon notice and motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 52.12, 72.02, 73.01, 75.01, 78.02, 81.04 and 81.07 or for commencing civil action."

■ A judgment is the final determination of the rights of the parties in an action. Rule 74.01 and § 511.020 RSMo 1969. Every direction of the court or a judge, made or entered in writing and not included in a judgment, is denominated an order, and an application for an order is a motion. Rule 74.02 and § 506.050 RSMo 1969.

Certainly the language of Rule 74.78 evidences a requirement of notice to every party affected whenever a judge enters a direction in writing. On the surface, Rule 44.01(b) seems to conflict with Rule 74.78. Rule 44.01(b) makes notice discretionary while Rule 74.78 mandates that notice be given. Both rules apply to "orders" of court.

■ As a primary rule of construction, courts generally attempt to reconcile and harmonize statutes or rules that appear to be in conflict if it is reasonably possible to do so. Statutes or rules relating to the same subject matter, as do Rules 44.01(b) and 74.78, must be read together. Provisions of one having special application to a particular subject are usually deemed a qualification of another statute or rule general in its terms. *Flarsheim v. Twenty Five*

*Thirty Two Broadway Corp.,* 432 S.W.2d 245 (Mo.1968); *Brooks v. Cooksey,* 427 S.W.2d 498 (Mo.1968).

■ Clearly, Rule 74.78 applies to all orders and judgments in general and is the general rule while Rule 44.01(b) applies to orders extending time and is the specific rule. The two rules could be harmonized by making orders for the extension of time under Rule 44.01(b) an exception to the procedure outlined in Rule 74.78.

Defendant relies on *Brown v. Brown,* 444 S.W.2d 1 (Mo.App.1969) and *Reed v. Mirts,* 437 S.W.2d 719 (Mo.App.1969) for the proposition that the court was required to give notice of its order extending time to file answers to interrogatories. Both cases involve failure of the court to give notice of the entry of judgments. The cases are not applicable to the instant case.

■ Defendant, in the brief, seeks to excuse timely answer to the interrogatories because no notice was given it that the time for filing answers had been extended to May 28. It is difficult to understand how defendant was prejudiced by its lack of knowledge of an extension of time since in the absence of such knowledge defendant must have assumed that answers would be due May 16.

The defendant does not deny notice that the motion to dismiss was pending. Ordinary diligence would have required inquiry by it to determine the disposition of its request for an extension before the 10th of June. Having failed to exercise ordinary diligence, defendant cannot complain of any prejudice. It would be a mockery to convert the indulgence of the trial court in granting the extension to a weapon by which the defendant could avoid the consequences of its own delay.

Judgment affirmed.

All concur.