STATE of Missouri, Respondent,

v.

**Robert Duane MYERS, Appellant.**

**No. KCD 30667.**

Missouri Court of Appeals, Western District.

Oct. 1, 1979.

Paul Liebengood, Bates City, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and CLARK, JJ.

PER CURIAM.

The defendant Myers appeals from a denial of his Rule 27.25 motion to withdraw a plea of guilty to a charge reduced to murder in the second degree. The motion was brought after imposition of sentence, and thus, *after* conviction.

While the express Rule 27.25 allows a motion to withdraw a plea of guilty *after sentence* to correct a manifest injustice, the normal scope of the procedure is meant to apply "only before sentence is imposed." An application to withdraw a plea of guilty after imposition of sentence is an attack on

the validity of the sentence within Rule 27.26. The procedure of Rule 27.26 is formulated for that distinctive purpose by a requirement of pleading, presentation of evidence on oath, entry of judgment supported by statement of reasons, and a record for appeal most apt to the adjudication of such an important grievance.

The contention of the defendant that the sentence was imposed upon a plea of guilty both involuntary and induced by an unhonored plea bargain is most aptly determined by a hearing on a Rule 27.26 petition. *Bradley v. State*, 564 S.W.2d 940 (Mo.App.1978). The record before us was on a proceeding far short of that contemplated for an informed post-conviction adjudication and review.

The appeal of the defendant is dismissed without prejudice to further proceeding by Rule 27.26 motion.