**STATE of Missouri, Respondent,**

v.

**Jerry S. RYAN, Appellant.**

**No. 17193.**

Missouri Court of Appeals,
Southern District,
Division One.

July 15, 1991.

Motion for Rehearing or to Transfer to
Supreme Court Denied Aug. 6, 1991.

Application to Transfer Denied
Sept. 10, 1991.

John A. Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

On December 15, 1989, appellant Jerry S. Ryan was arraigned on a charge of driving while intoxicated. The information averred appellant, in violation of § 577.010,[1] operated a motor vehicle October 31, 1989, while in an intoxicated condition. The information also pled appellant was a persistent offender as defined by § 577.023.1(2) in that "on January 13, 1989, [appellant] was convicted of Driving Under the Influence of Alcohol in Union County, Illinois and on July 25, 1988, [appellant] was convicted of Driving Under the Influence of Alcohol in Jackson County, Illinois."

Section 577.023 reads, in pertinent part:
"1. For purposes of this section, unless the context clearly indicates otherwise:
(1) An 'intoxication-related traffic offense' is driving while intoxicated, driv-

ing with excessive blood alcohol content, or driving under the influence of alcohol ... in violation of state law;

(2) A 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction; and

. . . .

3. Any person who pleads guilty to ... a violation of section 577.010 or 577.012 who is alleged and proved to be a persistent offender shall be guilty of a class D felony....

. . . ."

Appellant pled guilty and, in accordance with a plea agreement, was sentenced to three years' imprisonment.

Over seven months later, on July 17, 1990, appellant sought to invoke Rule 29.07(d)[2] by filing a motion for an order setting aside the judgment of conviction and permitting him to withdraw his plea. Rule 29.07(d) reads:

"A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Appellant's motion asserted the term "intoxication-related traffic offense" as defined by § 577.023.1(1) is restricted to violations of § 577.010 (driving while intoxicated) or § 577.012 (driving with excessive blood alcohol content) resulting in conviction "in a Missouri state court." Consequently, reasoned the motion, appellant's two Illinois convictions could not supply a basis for finding him a persistent offender

---

1. References to statutes are to RSMo 1986 except where otherwise indicated.

2. Rule references are to Missouri Rules of Criminal Procedure (1990) except where otherwise indicated.

under § 577.023. The motion maintained appellant was chargeable only with driving while intoxicated, first offense, a class B misdemeanor. § 577.010.2. The maximum term of imprisonment for a class B misdemeanor is six months. § 558.011.1(6).

In an order unadorned with conclusions of law, the trial court denied appellant's motion. This appeal followed.

Appellant presents one point relied on; it reads:

"The [trial] court abused its discretion by denying appellant's motion to set aside his judgment and sentence and allow him to withdraw guilty plea because the court did not have jurisdiction to enter its judgment and sentence of guilty of felony driving while intoxicated, sections [sic] 577.010 as enhanced by section 577.023, in that appellant's previous convictions in Illinois did not fulfill the requirement of two previous convictions for intoxication-related traffic offenses because section 577.023 defines alcohol related offenses as violations of Missouri law."

■ Before addressing this issue, we confront the question of appealability of the trial court's order. There are cases holding an order denying a defendant's motion to withdraw his plea of guilty is appealable. In some of them, the motion was made before sentence was pronounced. *Belcher v. State,* 801 S.W.2d 372 (Mo.App. 1990); *State v. England,* 599 S.W.2d 942 (Mo.App.1980); *State v. Nielsen,* 547 S.W.2d 153 (Mo.App.1977). In *State v. Skaggs,* 248 S.W.2d 635 (Mo.1952), the motion was made after sentence was pronounced. It is inferable from *Forsythe v. State,* 779 S.W.2d 309 (Mo.App.1989), that the motion there was also filed after sentencing. Consequently, there is authority that an appeal lies from the order challenged here.

There is, however, a crucial procedural issue unaddressed by either side.

Appellant was sentenced the date he pled guilty—December 15, 1989. His motion of July 17, 1990, to set aside the conviction and permit withdrawal of his guilty plea averred he had served at least six months in the Department of Corrections at the time the motion was filed.

Rule 24.035 reads:

"(a) **Nature of Remedy—Rules of Civil Procedure Apply.** A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the judgment of conviction or sentence imposed violate the ... laws of this state or ... that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated....

(b) **Form of Motion—Time to File— Cost Deposit Not Required—Failure to File, Effect of.** ... The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035.

...."

Appellant's motion acknowledged the time for seeking relief under Rule 24.035 had expired. This is evidently why he seized upon Rule 29.07(d), which has no time limit for setting aside a judgment of conviction and allowing withdrawal of a guilty plea after sentence is imposed.

Rule 29.07(d) antedates Rule 24.035. Rule 29.07(d) was adopted by order of the Supreme Court of Missouri June 13, 1979, effective January 1, 1980. Pages XXI to CXXXIII, Missouri Cases, Vol. 580–581 S.W.2d (West 1979). Prior to January 1, 1980, a rule identical to current Rule 29.-07(d) carried the number 27.25. Rule 27.25 was adopted April 14, 1952, effective Janu-

ary 1, 1953. Pages 4908 and 4924, Vol. 4, RSMo 1959. Rule 27.25 was repealed effective January 1, 1980, by the order that adopted current Rule 29.07(d). It is thus documented that the rule currently numbered 29.07(d) has existed unchanged since at least January 1, 1953.

By contrast, Rule 24.035 is a newcomer, having been adopted by order of the Supreme Court of Missouri effective January 1, 1988, simultaneously with the adoption of new Rule 29.15 and the repeal of former Rule 27.26. Pages XXV to XXXVII, Missouri Cases, Vol. 721–722 S.W.2d (West 1987).

Former Rule 27.26, like current Rule 29.-07(d), had no time limit for commencing a proceeding to invoke it.

■ The time limitations for commencing a proceeding under Rule 24.035 serve the legitimate end of avoiding delay in the processing of prisoners' claims and prevent the litigation of stale claims. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied, sub nom., State v. Walker,* —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Failure to file a motion under Rule 24.035 within the deadline specified therein constitutes a complete waiver of the right to proceed thereunder. *Day,* 770 S.W.2d at 696[2].

Rule 24.035(a), as we have seen, states it is the exclusive procedure by which a person convicted of a felony on a plea of guilty and incarcerated in the Department of Corrections may seek relief on certain enumerated grounds. Those grounds include a claim that the sentence violates the laws of Missouri or is in excess of the maximum authorized by law. Those are the contentions appellant asserted in the trial court and seeks to present for review here.

Appellant thus endeavors to obtain post-conviction relief under Rule 29.07(d) on grounds time-barred by Rule 24.035. We find no case since the advent of Rule 24.035 deciding whether this is allowable.

As a primary rule of construction, courts generally attempt to reconcile and harmonize rules of the Supreme Court of Missouri that appear to be in conflict if it is reasonably possible to do so. *Southwest Forest Industries, Inc. v. Loehr Employment Service of Kansas City, Inc.,* 543 S.W.2d 322, 324[3] (Mo.App.1976). Rules relating to the same subject matter must be read together. *Id.* at 324[4]. The purpose and intent of the Supreme Court in adopting a rule must be ascertained in order to construe the rule. *Gooch v. Spradling,* 523 S.W.2d 861, 866[5] (Mo.App.1975).

■ Additionally, in interpreting rules of the Supreme Court of Missouri, we use the canons of construction that guide courts in construing legislative enactments. *State ex rel. DeGeere v. Appelquist,* 748 S.W.2d 855, 857[4] (Mo.App.1988); *State v. Windmiller,* 579 S.W.2d 730, 732[1] (Mo.App. 1979). Where repugnance or inconsistency exists between two statutes, courts will attempt to reconcile them and apply both, but if this is impossible the later of the two will be held to have repealed the earlier by implication, thereby giving effect to the most recently expressed legislative intent. *State ex rel. McNary v. Stussie,* 518 S.W.2d 630, 635[2] (Mo. banc 1974). In ascertaining legislative intent it is presumed the legislature, in enacting a statute, intended to effect some change in existing law, otherwise the enactment would accomplish nothing and legislatures are not presumed to have intended a useless act. *Kilbane v. Director of the Department of Revenue,* 544 S.W.2d 9, 11[4] (Mo. banc 1976).

■ As noted earlier, Rule 24.035 (which pertains to post-conviction relief from felony convictions resulting from guilty pleas) and its counterpart, Rule 29.15 (which pertains to post-conviction relief from felony convictions resulting from trials), replaced former Rule 27.26 (which pertained to post-conviction relief for any prisoner in custody under sentence). Unlike former Rule 27.-26, Rules 24.035 and 29.15 contain precise time limitations which have been unyieldingly enforced by the Supreme Court

of Missouri. *Smith v. State,* 798 S.W.2d 152 (Mo. banc 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2043, 114 L.Ed.2d 127 (1991); *Sloan v. State,* 779 S.W.2d 580 (Mo. banc 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990); *Day,* 770 S.W.2d 692.

From the cases discussed in the three preceding paragraphs, we conclude the Supreme Court of Missouri would construe Rule 24.035 to bar a prisoner from asserting a claim for relief under Rule 29.07(d) if such claim is time-barred by Rule 24.035. To hold otherwise would emasculate Rule 24.035 and constitute Rule 29.07(d) an escape hatch through which any claim procedurally barred by Rule 24.035 could scurry into the trial courts. Such circumstances would render the Supreme Court's repeal of Rule 27.26 and adoption of Rule 24.035 a useless act and reopen the trial courts to stale claims, contrary to the declared objective of Rule 24.035 as expressed in *Day,* 770 S.W.2d at 695.

Our holding does little violence to Rule 29.07(d). The first part of the rule applies only where a motion to withdraw a guilty plea is made before sentence is imposed or when imposition of sentence is suspended. As the time limitation of Rule 24.035(b) begins running only upon delivery of the prisoner to the custody of the Department of Corrections, Rule 24.035 does not place any time restriction on the filing of a motion to withdraw a guilty plea prior to imposition of sentence.

Our holding affects Rule 29.07(d) only where a prisoner moves to withdraw a plea of guilty after he is delivered to the custody of the Department of Corrections *and* his claim is time-barred by Rule 24.035.

Indeed, our holding does not go as far as the Western District of this Court in *State v. Myers,* 588 S.W.2d 236 (Mo.App.1979). There, a prisoner moved under former Rule 27.25 (predecessor of current Rule 29.07(d)) to withdraw his plea of guilty to murder in the second degree. The motion was filed after imposition of sentence. The trial court denied relief; the prisoner appealed. The Western District noted that while Rule 27.25 allowed a motion to withdraw a guilty plea after sentence to correct manifest injustice, the normal scope of the procedure was meant to apply "only before sentence is imposed." *Id.* at 236. The opinion explained that an application to withdraw a guilty plea after imposition of sentence is an attack on the validity of the sentence within Rule 27.26 (since repealed). *Id.* at 236–37. Consequently, said the opinion, the attack would be most aptly determined by proceeding under that rule. *Id.* at 237. The appeal was dismissed without prejudice to the prisoner's right to proceed that way.

It is unnecessary for us to go as far as *Myers,* and we need not express any view about its result. We hold only that inasmuch as appellant's attack on his conviction is barred by the time limitation of Rule 24.035(b), it is not cognizable under Rule 29.07(d).

However, even if it were it would be futile.

■ Appellant begins his argument by reminding us the definition of "intoxication-related traffic offense" in § 577.-023.1(1)—quoted earlier—ends with the proviso "in violation of state law." Appellant emphasizes the Supreme Court of Missouri interpreted § 577.023, RSMo Cum. Supp.1983, as excluding municipal convictions from consideration for enhancement in *A.B. v. Frank,* 657 S.W.2d 625 (Mo. banc 1983). Consequently, reasons appellant, the phrase "in violation of state law" in § 577.023.1(1) must be construed to mean "only convictions under Missouri state law."

Appellant asserts his "only previous convictions occurred under Illinois law and thus do not allow enhancement of driving while intoxicated from a misdemeanor to a felony."

We disagree. Had the General Assembly intended to restrict § 577.023 to intoxication-related traffic offenses in violation

of only Missouri state law, the Assembly could have said so.

Section 577.023 is analogous to § 558.-016, RSMo Cum.Supp.1982, construed in *State v. Rellihan,* 662 S.W.2d 535 (Mo.App. 1983). Section 558.016, the enhancement statute for felonies, included a provision defining a "prior offender" as "one who has pleaded guilty to or has been found guilty of one felony." In *Rellihan,* the accused was sentenced as a prior offender on the basis of an earlier felony conviction in Oklahoma. On appeal, he maintained this was error. The Western District of this Court held:

> "The [statute] by its very wording, sets forth no requirement that the term felony is restricted or limited to felonies committed in Missouri. To state it another way, it is clear to this court that the Missouri General Assembly intended the term felony to define and thus include, felony offenses from other jurisdictions—federal and sister states.... The General Assembly, had it intended otherwise, could have included limiting language, such as 'has been found guilty of one felony *in this state,*' or words of similar limitation. No such language having been included by the General Assembly, it is quite clear that the General Assembly intended the term felony to be a term of inclusion which permits the trial court to impose sentencing, instead of the jury, for a prior felony offense committed within, and subject to, federal and sister state jurisdictions." *Id.* at 544–45[7].

*Rellihan* was followed by this District in *State v. Barnard,* 678 S.W.2d 448 (Mo.App. 1984), which held the accused was properly sentenced as a persistent offender under § 558.016, RSMo Cum.Supp.1982, on the basis of two earlier felony convictions in Oklahoma. 678 S.W.2d at 453–54. *See also: State v. Taylor,* 779 S.W.2d 636, 641–42 (Mo.App.1989).

As it has been held the General Assembly intended felony convictions in other states be used for enhancement in Missouri felony prosecutions, we find no logic in appellant's argument that the Assembly did not intend convictions for intoxication-related traffic offenses in violation of the laws of other states be used for enhancement in Missouri prosecutions for driving while intoxicated. We see no reason for a different legislative policy on Missouri felony prosecutions than Missouri prosecutions for driving while intoxicated. Appellant offers none.

We are convinced the sole purpose of the proviso "in violation of state law" in § 577.-023.1(1) is to bar the use of municipal ordinance convictions for enhancement.

Our conclusion is buttressed by a careful reading of § 577.023.1(1). Included within the definition of "intoxication-related traffic offense" are driving while intoxicated, driving with excessive blood alcohol content, and driving under the influence of alcohol. There is a Missouri crime designated "driving while intoxicated": § 577.-010. There is also a Missouri crime designated "driving with excessive blood alcohol content": § 577.012. There is no Missouri crime designated "driving under the influence of alcohol," nor had there been for more than ten years prior to the original enactment of § 577.023 in 1982. Laws of Missouri 1982, H.S.H.C.S.S.C.S.S.B. 513, pp. 682–90. Had the General Assembly intended to restrict § 577.023 to convictions of intoxication-related traffic offenses in violation of only Missouri state law, there would have been no reason to include the crime "driving under the influence of alcohol" in the definition of intoxication-related traffic offense. The inclusion of such crime in the definition bespeaks a legislative intent to allow convictions of intoxication-related traffic offenses in violation of the laws of other states to be used for enhancement under § 577.023.

We hold that if appellant's attack on his conviction were cognizable, it would be meritless.

The order of the trial court denying relief is affirmed.

PREWITT, P.J., and SHRUM, J., concur.