**498**

STATE of Missouri, Respondent,

v.

Glenn Allen McCOY, Appellant.

No. 58996.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 24, 1991.

James R. McHaney, Cape Girardeau, for appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Glenn Allen McCoy, appeals from his conviction in the Circuit Court of Cape Girardeau County of driving while intoxicated, RSMo § 577.010 (1986), for which he was sentenced as a persistent offender, to three years' imprisonment. The trial court suspended execution of the sentence and placed appellant on probation for five years. On appeal, appellant contends that the trial court erred in using Texas convictions of driving while intoxi-cated to enhance his charge from a misde-meanor offense to a felony. We affirm.

At approximately 1:45 a.m., on the morning of December 16, 1989, Patrolman Charles Herbst of the Cape Girardeau Police Department observed a white Lincoln or Mercury automobile stopped in the middle of the 500 block of Aquamsi Street in the City of Cape Girardeau, Missouri. Officer Herbst approached the vehicle and found the appellant behind the steering wheel of the car. The headlights of the automobile were on, the engine was running and the transmission of the vehicle was in the "park" position.

Officer Herbst spoke with the appellant and detected the smell of alcohol on appellant's breath. Upon questioning from Officer Herbst, appellant admitted that he had been drinking. Officer Herbst then contacted Sergeant Carl Kinnison and requested his aid at the scene. Upon his arrival, Sergeant Kinnison asked the appellant to perform several sobriety tests. First, Sergeant Kinnison asked appellant to perform the "walk and turn" test. Sergeant Kinnison noted that appellant raised his arms on several occasions and was unable to place one foot directly in front of the other. Next, Sergeant Kinnison asked appellant to perform the "one leg stand" test. Again, appellant was unable to perform the test. Finally, Sergeant Kinnison performed the "horizontal gaze nystagmus" test. Sergeant Kinnison observed that appellant's eyes did not pursue objects smoothly and that nystagmus, an involuntary rapid oscillation of the eyeballs, set in before each eye reached forty-five degrees. In the opinion of both officers, appellant was intoxicated. Appellant was transported to the police station where he submitted to a chemical breath test. The tests placed appellant's blood alcohol level at .172.

Appellant was charged by complaint on December 16, 1989, with driving while intoxicated, RSMo § 577.010 (1986). The complaint alleged three prior convictions for driving while intoxicated. All three prior convictions had occurred in the State of Texas. On July 23, 1990, the cause was presented by a stipulation of facts for a bench trial. In the stipulation, appellant admitted to only two of the prior convic-

tions for driving while intoxicated. The trial court found appellant guilty and, using appellant's Texas convictions to enhance the charge from a misdemeanor to a Class D felony pursuant to RSMo § 577.-023.3 (1986), sentenced appellant to three years' imprisonment. The trial court later suspended execution of the sentence and placed appellant on five years' probation. This appeal followed.

Appellant's sole contention on appeal is that the trial court erred in overruling appellant's objection to use of the two prior Texas convictions for DWI to enhance appellant's DWI charge from a misdemeanor to a Class D felony. We disagree.

RSMo § 577.023.1 reads, in pertinent part:

(1) An 'Intoxication related offense' is driving while intoxicated, driving with excessive blood alcohol content, or driving under the influence of alcohol or drugs in violation of state law;

(2) A 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction;

Appellant seizes upon the words "in violation of state law" and claims that "state law" must be construed to mean Missouri State law.

This identical issue was recently presented to the Southern District of this court. *State v. Ryan,* 813 S.W.2d 898 (Mo.App., S.D.1991). In *Ryan,* the Southern District, by way of dicta, recognized that "had the general assembly intended to restrict § 577.023 to intoxication-related traffic offenses in violation of only Missouri State law, the assembly could have said so." *Ryan,* at 902. The *Ryan* court then noted that similar logic had been used to affirm the use of out-of-state felony convictions to enhance Missouri felony sentences under RSMo § 558.016. *Id. See also State v. Rellihan,* 662 S.W.2d 535, 544–45 (Mo.App., W.D.1983). Finally, the Southern District noted that the definition of an "intoxication-related traffic offense" under RSMo

§ 577.023 included the crime of "driving under the influence." While DWI, RSMo § 577.010, and driving with excessive blood alcohol content, RSMo § 577.012, are crimes in Missouri, there is no Missouri crime designated as driving under the influence of alcohol. The Southern District reasoned that "[H]ad the general assembly intended to restrict § 577.023 to convictions of intoxication-related traffic offenses in violation of only Missouri State law, there would be no reason to include the crime 'driving under the influence of alcohol' in the definition of intoxication-related traffic offense." *Id.* at 903.

Although the Southern District's analysis regarding § 577.023 is contained in dicta, we find it to be persuasive analysis and agree with its reasoning. We, therefore, find that the trial court did not err in using appellant's Texas convictions for driving while intoxicated to enhance appellant's charge from a misdemeanor to a Class D felony.

Affirmed.

REINHARD, P.J., and CRANE, J., concur.