**STATE of Missouri, Respondent,**

v.

**Orbria M. VICKERY, Appellant.**

No. 64413.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 22, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 30, 1994.

Gary E. Brotherton, Office of the State
Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Joanne E. Beal, Asst. Atty. Gen., Jefferson
City, for respondent.

CRIST, Judge.

Defendant appeals the denial of his "Motion to Correct Plain Error and Manifest Injustice Under Rule 29.12." We affirm.

On January 21, 1989, Defendant sold methamphetamine to an undercover officer. He was charged on September 27, 1989, by information with the felony sale of methamphetamine. The information stated the range of punishment for the offense was five years' to life imprisonment. He subsequently pleaded guilty to the offense on February 1, 1990. At his guilty plea hearing, the State recited the applicable range of punishment as five years' to fifteen years' imprisonment. Pursuant to a plea agreement, the State recommended ten years' imprisonment. The trial court then sentenced Defendant to ten years' imprisonment but suspended execution of sentence and placed Defendant on probation for five years. The court further sentenced Defendant to thirty days in the county jail as shock detention.

Defendant violated his probation and his sentence was ordered executed on April 1, 1991. The trial court then ordered Defendant be released on July 25, 1991. He again violated his probation and his sentence was again executed on February 1, 1993.

On July 7, 1993, Defendant's Rule 24.035 motion was denied as untimely. He filed a motion on June 30, 1993, which he labeled "Motion to Correct Plain Error and Manifest Injustice Under Rule 29.12." In that motion, Defendant averred he had pleaded guilty involuntarily because the State and trial court had not informed him of the correct range of punishment for his charge. He contended the court should vacate his guilty plea and vacate the sentence *nunc pro tunc*. The court summarily denied the motion.

Defendant appeals this denial, arguing the court erred in denying his Rule 29.12 motion because manifest injustice will result because the trial court incorrectly informed him of the applicable range of punishment.

The trial court did state the improper range of punishment for sale of methamphetamine. At the time the crimes were committed, January 21, 1989, methamphetamine was listed as a Schedule III controlled substance.

*See*, § 195.017.6(2)(c), RSMo 1986 (repealed). Then, the sale of any Schedule III controlled substance was punishable by two years' to ten years' imprisonment. *See*, § 195.240, RSMo 1986 (repealed); § 195.270, RSMo 1986 (repealed).

Meanwhile, between the time the crimes were committed and the time Defendant was charged and pleaded guilty to the offense, the legislature amended the drug laws of Missouri and replaced them with the "Comprehensive Drug Control Act" (CDCA), which went into effect on August 28, 1989. The amended statutes list methamphetamine as a Schedule II controlled substance. § 195.017.4(3)(b), RSMo Supp.1993. The statutes further provide the sale of methamphetamine is a Class B felony. § 195.211.2, RSMo Supp.1993. A Class B felony is punishable by five years' to fifteen years' imprisonment. § 558.011.1(2), RSMo Supp.1993.

However, the amended statutes did not apply to Defendant. Section 1.160, RSMo Supp.1993, provides:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

(1) That all such proceedings shall be conducted according to existing procedural laws; and

(2) That if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

The Supreme Court has found § 1.160 applicable to the CDCA. *State v. Whardo*, 859 S.W.2d 138, 140 (Mo. banc 1993); *State v. Sumlin*, 820 S.W.2d 487, 490 (Mo. banc 1991). Section 1.160 generally applies once an offense is committed until it is no longer pending, that is, a final determination has been made. *See, Finley v. State*, 847 S.W.2d 105, 106 (Mo.App.1992) (defendant has benefit of any reduction in sentence effective "after the commission of the offense but before the entry of judgment and sentence"); *Soto v. State*, 858 S.W.2d 869, 871[4–6] (Mo.App. 1993) (definition of pending). In the case at hand, the amendment, effective in the interim between when the crime was committed and Defendant's plea, increased Defendant's possible punishment. Therefore, pursuant to § 1.160, Defendant is entitled to be sentenced in accordance with the repealed laws. Therefore, the trial court should have informed him that the possible range of punishment was two years' to ten years' imprisonment.

However, in raising this issue, Defendant did not appeal his conviction nor did he file a timely Rule 24.035 motion. Instead, he raised the issue in a Rule 29.12(b) motion for plain error review. Rule 29.12(b) provides: "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." The State contends Rule 29.12(b) is not the basis for an independent motion and Defendant's remedy lay in Rule 24.035.

Rule 24.035(a) (emphasis added) states:

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the judgment of conviction or sentence imposed violate the constitution or laws of this state or the constitution of the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the *exclusive procedure* by which such person may seek relief in the sentencing court for the claims enumerated.

Here, Defendant challenges the voluntariness of his guilty plea and contends his conviction and sentence violate his right to due process under both the United States Constitution and the Missouri Constitution. His remedy clearly lay with Rule 24.035.

Defendant argues he could proceed with Rule 29.12, which has no time limitation. Other defendants have attempted to bypass the time limitations of Rule 24.035 by using other procedures to obtain review of their convictions and sentences. Each time our courts have refused to allow such avoidance. *See, Winkler v. State,* 856 S.W.2d 910, 911[2] (Mo.App.1993) (defendant's motion for *nunc pro tunc* amendment and plain error review barred); *Cooper v. State,* 818 S.W.2d 653, 654[1] (Mo.App.1991) (defendant cannot use declaratory judgment rules in lieu of Rule 24.035); and *State v. Ryan,* 813 S.W.2d 898, 901–02[4] (Mo.App.1991). In *Ryan,* Ryan brought a motion to vacate his guilty plea pursuant to Rule 29.07(d), which permits withdrawal of a guilty plea to correct manifest injustice. *Ryan,* 813 S.W.2d at 899. Rule 29.07(d) does not provide a time limit. Even so, the court held Rule 24.035 barred Ryan's motion. *Id.* at 902[4]. In so holding, the court reconciled the two rules, stating:

> To hold otherwise would emasculate Rule 24.035 and constitute Rule 29.07(d) an escape hatch through which any claim procedurally barred by Rule 24.035 could scurry into the trial courts. Such circumstances would render the Supreme Court's repeal of Rule 27.26 and adoption of Rule 24.035 a useless act and reopen the trial courts to stale claims, contrary to the declared objective of Rule 24.035....

*Id.*

This reasoning is equally applicable to the situation at hand. Therefore, we find the time limitations of Rule 24.035 apply to Defendant's "Rule 29.12(b)" motion for plain error review. Defendant's failure to file a timely Rule 24.035 motion bars review of his claim. Rule 24.035(b); *Day v. State,* 770 S.W.2d 692, 695[1] (Mo. banc 1989). Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.