**Danny Ray HART, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 19491.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 14, 1995.

Barbara Hoppe, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

On May 16, 1991, pursuant to a plea agreement, Danny Ray Hart ("Movant") pled guilty to three counts of sale of a controlled substance. § 195.211, RSMo Cum.Supp. 1989. The trial court sentenced Movant to seven years' imprisonment on each count, the sentence on the second count to run consecutively to the sentence on the first count, but the sentence on the third count to run concurrently with the other two.

On August 1, 1991, Movant filed a pro se motion per Rule 24.035, Missouri Rules of Criminal Procedure (1991), to vacate the judgment and sentences. The motion court appointed counsel for Movant as required by Rule 24.035(e).

On October 24, 1991, Movant filed a waiver of his right to file an amended motion. The waiver, signed by Movant, provided, among other things, that he "elects to stand on the pro se ... motion filed herein on ... August 1, 1991."

Six months later, on April 28, 1992, Movant filed a pro se "Motion to Vacate, Reopen, Correct, Amend, or Modify Judgment Pursu-

ant to Rule 75.01." The motion averred, among other things, that the trial court lacked "subject matter jurisdiction to convict [Movant]" in that the laboratory reports identified the substance Movant sold as "rock cocaine," a form of "cocaine base," whereas the three counts to which he pled guilty alleged the substance was merely "cocaine." The motion cited *State v. Smith*, 825 S.W.2d 388 (Mo.App.S.D.1992).

The case number Movant placed on the "Rule 75.01" motion was "CR290–772FX," the number of the criminal case in which he received the three seven-year sentences. Despite that, the Circuit Clerk recorded the filing of the "Rule 75.01" motion on the docket sheet in the 24.035 proceeding, not the docket sheet in CR290–772FX.

The motion court held an evidentiary hearing in the 24.035 proceeding May 13, 1993. Movant testified. During his testimony, he pointed out that he was charged with selling cocaine but "on the lab report it said that I sold cocaine base." He added, "[I]t was my understanding that there is a difference between the cocaine and cocaine base."

On February 24, 1994, the motion court entered judgment denying postconviction relief, accompanied by findings of fact and conclusions of law addressing numerous issues raised by Movant's 24.035 motion. None of those issues or findings are material to this appeal. The motion court did not address the "cocaine base" claim in Movant's "Rule 75.01" motion.

Movant brings this appeal from the judgment mentioned in the preceding paragraph. His sole point relied on reads:

"The motion court erred in denying Appellant's motion for postconviction relief, because Appellant's guilty plea was not voluntary, knowing, and intelligent, in violation of Rule 24.02(e) and Appellant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I section 10 of the Missouri Constitution, in that the record of the guilty plea proceeding did not establish a

sufficient factual basis for Appellant's guilty plea, in that no evidence was presented showing that Appellant sold cocaine, a controlled substance under section 195.211 as alleged in the information rather the evidence presented at the plea hearing was that the substance was 'rock cocaine' or 'cocaine base' which is distinct from cocaine although it is also a controlled substance under section 195.017.4(1)(d) RSMo Supp.1989."

The State responds that the motion court cannot be convicted of error in failing to grant postconviction relief on the ground mentioned in Movant's point relied on in that (1) such ground was not pled in Movant's 24.035 motion, and (2) his "Rule 75.01" motion "preserved nothing."

We have scrutinized Movant's 24.035 motion. It does not raise the "cocaine base" claim presented by his point relied on.[1]

■ Rule 24.035(d) requires that a 24.035 motion include every ground for postconviction relief known to the prisoner. The prisoner must verify the motion, acknowledging he understands that he waives any ground known to him that does not appear in the motion. Rule 24.035(e) requires counsel for the prisoner to ascertain whether the prisoner has pled all grounds for relief known to him. If the prisoner has not, counsel is required to file an amended motion alleging all such grounds.

■ Because of those requirements, a ground for relief that is not pled in a timely 24.035 pro se motion or a timely 24.035 amended motion cannot be considered on appeal from a denial of relief in a 24.035 proceeding. *Gooden v. State*, 846 S.W.2d 214, 216 (Mo.App.S.D.1993); *Hagen v. State*, 766 S.W.2d 778, 780 (Mo.App.S.D.1989). That is so even where the prisoner presents evidence on the unpled ground in the motion court. *State v. Perry*, 820 S.W.2d 570, 575[12, 13] (Mo.App.E.D.1991); *Rohwer v. State*, 791 S.W.2d 741, 743–44[5] (Mo.App.

---

1. Movant's 24.035 motion could not have cited *Smith*, 825 S.W.2d 388, because the motion was

filed seven months before *Smith* was decided.

W.D.1990).[2] Accordingly, Movant's point relied on is ineligible for review.

Any notion by Movant that the motion court should have addressed the "cocaine base" claim in the "Rule 75.01" motion would be a misconception. In *State v. Ryan*, 813 S.W.2d 898 (Mo.App.S.D.1991), a prisoner who had pled guilty and received a three-year prison sentence filed a motion for an order setting aside the conviction and permitting him to withdraw the plea, citing Rule 29.07(d), Missouri Rules of Criminal Procedure (1990). The motion pled one ground for relief; it would have been cognizable in a timely 24.035 motion. The trial court denied the motion.

■ On appeal by the prisoner, this Court noted he filed the motion some six months after delivery to the Department of Corrections. 813 S.W.2d at 900. That was significant because Rule 24.035(b) provides that a motion to set aside a felony conviction resulting from a guilty plea must be filed within 90 days after the prisoner is delivered to the Department of Corrections, and failure to file within that period constitutes a complete waiver of the right to proceed under Rule 24.035.

This Court held that inasmuch as the prisoner's claim was time-barred by Rule 24.035, he could not raise it by motion under Rule 29.07(d). We explained:

> "To hold otherwise would emasculate Rule 24.035 and constitute Rule 29.07(d) an escape hatch through which any claim procedurally barred by Rule 24.035 could scurry into the trial courts. Such circumstances would render the Supreme Court's repeal of Rule 27.26 and adoption of Rule 24.035 a useless act and reopen the trial courts to stale claims, contrary to the declared objective of Rule 24.035 as expressed in *Day* [*v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied, sub nom., State v. Walker*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989) ]."

*Ryan*, 813 S.W.2d at 902.

■ The rationale of *Ryan* applies with equal force here. The face of Movant's 24.035 motion shows he was delivered to the Department of Corrections on May 21, 1991. As we have seen, his "Rule 75.01" motion was filed 11 months later, on April 28, 1992. That was eight months past the 90–day deadline of Rule 24.035(b). It was also six months after counsel was appointed for Movant in the motion court, hence the deadline fixed by Rule 24.035(f) for filing an amended motion had also passed. Consistent with *Ryan*, we hold the "cocaine base" claim in the "Rule 75.01" motion is time-barred by Rule 24.035.

Movant may have understood that, which would explain his placing the case number of the criminal case instead of the case number of the 24.035 proceeding on the "Rule 75.01" motion, hoping the plea court would somehow reopen the criminal case and entertain the "cocaine base" claim, thus enabling Movant to circumvent the time barrier of Rule 24.035. However, inasmuch as Movant presents the "cocaine base" claim in this appeal, we infer he (perhaps on the advice of appellate counsel) now regards it as an issue the motion court should have addressed. Having determined the "cocaine base" claim was time-barred when Movant filed the "Rule 75.01" motion, we hold it was not cognizable in the motion court. *Cf. Suman v. State*, 783 S.W.2d 525, 526[3] (Mo.App.W.D.1990). Accordingly, it is ineligible for consideration in this appeal.

The judgment of the motion court denying relief is affirmed.

GARRISON, P.J., and PARRISH, J., concur.

---

2. *Perry* and *Rohwer* were postconviction actions under Rule 29.15, which pertains to felony convictions resulting from trials, whereas Rule 24.035 pertains to felony convictions resulting from guilty pleas. However, paragraphs "(d)" and "(e)" of Rule 29.15 are identical to paragraphs "(d)" and "(e)" of Rule 24.035.