STATE of Missouri, Respondent,

v.

Harrison A. ELDER, Appellant.

No. 23764.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 16, 2001.

Harrison A. Elder, Moberly, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for Respondent.

BARNEY, Chief Judge.

Harrison A. Elder ("Appellant") appeals from the denial of his Rule 29.07(d) motion by which he sought to vacate and set aside the sentence and judgment of the Circuit Court of Dunklin County entered on April 26, 1995.[1] The plea court had sentenced Appellant to a term of six years' imprisonment in the custody of the Missouri Department of Corrections pursuant to a plea bargain agreement in which Appellant had pled guilty to committing the crime of sodomy.[2] More than five years later, Appellant filed a motion pursuant to Rule 29.07(d). The motion was summarily denied and also denied upon rehearing.

As best we discern, Appellant contends in his sole point relied on that the motion court erred in not sustaining his Rule 29.07(d) motion because it was manifestly unjust for the plea court to accept his plea without jurisdiction and to sentence him to a greater punishment than that authorized by law. Appellant argues that at the time of his sentencing the act of tongue to vagina contact no longer constituted "sodomy" due to a change in the definition of "deviate sexual intercourse" (a component of the crime of "sodomy"). Appellant essentially maintains that when the General Assembly enacted sections 566.010 and 566.060, RSMo 1994 (effective January 1, 1995), the offense to which he had pled guilty was reclassified as "sexual misconduct," which may be treated as a class A misdemeanor or a class D felony if the actor had a previous conviction of the offense, displayed a weapon or committed the offense as part of a ritual or ceremony. § 566.090, RSMo 1994; *compare* § 566.060, RSMo Cum. Supp. 1993, *with* § 566.090, RSMo 1994.

Appellant argues that, under the facts of his case, the plea court was not authorized to impose a sentence greater than that authorized for the crime of "sexual misconduct", *see* §§ 558.011 and 566.090, RSMo 1994, but did so anyway while fully cognizant of the changes in the law. Accordingly, Appellant argues that he was and is entitled to reduced punishment pursuant to section 1.160, RSMo 1994, and that the

---

1. All rule references are to Missouri Court Rules (2000). Rule 29 .07(d) reads as follows:

   A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

2. The information charged Appellant with having committed the "felony of Sodomy" on the "18th day of September, A.D., 1994, in the County of Dunklin...." *See* § 566.060, RSMo Cum. Supp. 1993. During his plea proceedings, Appellant acknowledged in open court that he had touched his tongue to the vagina of a girl who was under 14 years of age for the purpose of sexual gratification.

case should now be remanded to the sentencing court to permit Appellant to withdraw his plea of guilty.[3]

Disposition of this appeal is governed by *State v. Ryan*, 813 S.W.2d 898 (Mo.App. 1991). In *Ryan*, a prison inmate, after serving "at least six months" of his sentence in the Department of Corrections, filed a motion in the trial court seeking leave under Rule 29.07(d) to withdraw his plea of guilty. *Id.* at 899–900. In his Rule 29.07(d) motion, Ryan asserted, *inter alia*, that his sentence violated the laws of Missouri or was in excess of the maximum authorized by law. *Ryan*, 813 S.W.2d at 901. The trial court denied the motion. *Id.* at 900. On appeal, this Court observed that had the prisoner sought relief under Rule 24.035, Missouri Court Rules (1990), his motion would have been time-barred, as it was filed more than ninety days after he was delivered to the Department of Corrections. *Id.* at 899–900. We held that in as much as the claim for relief was one that would have been cognizable in a timely proceeding under Rule 24.035, Ryan could not evade the time limitation of Rule 24.035 by seeking relief under Rule 29.07(d). *Id.* at 901–02. The Western District of this Court, also citing *Ryan*, reached the same result on similar facts in *Reynolds v. State*, 939 S.W.2d 451, 454–55

(Mo.App.1996). *State v. Evans*, 989 S.W.2d 662, 663 (Mo.App.1999); *see also Logan v. State*, 22 S.W.3d 783, 785–86 (Mo.App.2000).

Here, the record shows that Appellant was represented by counsel and pled guilty on the 12th day of April, 1995. In the presence of counsel, Appellant was sentenced on the 26th day of April 1995, after having been advised of his rights to proceed under Rule 24.035. Thereafter, Appellant sought no appeal from his judgment and sentence of imprisonment nor did he file a post-conviction motion pursuant to Rule 24.035. He was delivered to the custody of the Department of Corrections on May 18, 1995. On June 14, 2000, Appellant filed his Rule 29.07(d) motion, which was denied by the sentencing court on June 15, 2000, and upon motion for rehearing, was again denied on July 6, 2000.

■ As previously recited, in his Rule 29.07(d) motion Appellant raised the claim that the trial court was without jurisdiction to accept his original plea and imposed a prison term in excess of what the law provided. This claim was cognizable under Rule 24.035.[4] Accordingly, because Rule 24.035 provides the exclusive procedure by which Appellant could seek relief for his claims, Appellant was subject to the time limits imposed by Rule 24.035. *See*

3. In pertinent part, section 1.160 reads as follows:

No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

. . . .

(2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

4. Rule 24.035(a) provides that:

(a) **Nature of Remedy—Rules of Civil Procedure Apply.** A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated. The procedure to be followed for motions filed pursuant to this Rule 24.035 is governed by the rules of civil procedure insofar as applicable.

*Logan,* 22 S.W.3d at 785. Appellant cannot bypass the time limits of Rule 24.035 simply by asserting a Rule 24.035 claim under Rule 29.07(d). *See Reynolds,* 939 S.W.2d at 455. "To hold otherwise would emasculate Rule 24.035 and constitute Rule 29.07(d) an escape hatch through which any claim procedurally barred by Rule 24.035 could scurry into the trial courts." *Ryan,* 813 S.W.2d at 902; *see generally Day v. State,* 770 S.W.2d 692, 695–96 (Mo. banc 1989). Therefore, Appellant was barred from seeking relief pursuant to Rule 29.07(d) at the time of its filing on June 14, 2000.

■ We also note, gratuitously, that Appellant's claim must also fail from a substantive standpoint. He argues that he should have received a lesser sentence because the "touching" of the tongue to the vagina, akin to a touching by hand to genitals, constituted "sexual misconduct," which may be treated as either a class A misdemeanor or a class D felony. *See* §§ 566.060 and 566.090, RSMo 1994 (effective January 1, 1995).

At the time Appellant committed the act in question, he violated section 566.060, RSMo Cum. Supp. 1993, which was the crime of "Sodomy ." Under that section, "[a] person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." § 566.060.3, RSMo Cum. Supp. 1993. "Deviate sexual intercourse" was defined at that time as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." § 566.010(1), RSMo Cum. Supp. 1993. Sodomy was considered a felony and the authorized term of imprisonment was "life imprisonment or a term of years not less than five years . . . ." § 566.060.2, RSMo Cum. Supp. 1993. As of January 1, 1995, the law in this area underwent some substantive changes. But as will be made clear below, none of these changes affect Appellant. After January 1, 1995, the act which Appellant admitted committing

would have fallen under section 566.062.1, "Statutory sodomy in the first degree" which is defined as "deviate sexual intercourse with another person who is less than fourteen years old." § 566.062.1, RSMo 1994. "Deviate sexual intercourse" was redefined as:

> any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person. . . .

§ 566.010(1), RSMo 1994. The authorized term of imprisonment for the act Appellant plead guilty to is "life imprisonment or a term of years not less than five years . . . ." § 566.062.2, RSMo 1994. In support of his contention that these changes in the law require a remand, Appellant asserts that "hand-to-genital contact is no longer considered 'deviate sexual intercourse.' " *State v. Long,* 955 S.W.2d 951, 954 (Mo. App.1997).

Appellant misapplies the facts. Section 566.010(1), in pertinent part, *continues* to define "deviate sexual intercourse" (a component of the pre-change crime of "sodomy" and the post-change crime of "Statutory sodomy in the first degree") as "*any* act involving the *genitals* of one person and the mouth, *tongue,* or anus of another person . . . ." § 566.010(1), RSMo 1994 (effective January 1, 1995)(emphasis added); *see State v. Labbee,* 994 S.W.2d 66, 66–67 (Mo.App.1999) (involving the "licking" of the victim's vagina by the perpetrator's tongue and defining "deviate sexual intercourse"); *see also State v. Baker,* 23 S.W.3d 702, 709 (Mo.App.2000). By his own admission, Appellant states that he touched his tongue, not his hand, to the victim's vagina. Even after the change, this is "deviate sexual intercourse." Further, the fact that the amendments changed the name of the offense from "Sodomy" to "Statutory sodomy in the

first degree" is irrelevant; the authorized term of imprisonment for the act remained the same. *Compare* § 566.060.2, RSMo Cum. Supp. 1993 *with* 566.062.2, RSMo 1994; *see* § 1.160, RSMo 1994. Point denied.

The trial court's final order denying Appellant's Rule 29.07(d) motion is affirmed. *Evans,* 989 S.W.2d at 664.

PREWITT and GARRISON, JJ., concur.