**STATE of Missouri, Respondent,**

v.

**Chad P. DOUGLAS, Appellant.**

**No. ED 80465.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 25, 2002.

Chad P. Douglas, Fulton, MO, Pro Se.

Jeremiah W. (Jay) Nixon, Attorney General, Audara L. Charlton, Asst. Attorney General, Jefferson City, MO, for Respondent.

PAUL J. SIMON, Judge.

Chad P. Douglas (appellant) appeals the denial of his "Petition for Accreditation of Probation" (Accreditation Petition). Appellant contends that the trial court erred in denying his Accreditation Petition in that: (1) sections 559.036 and 559.100 RSMo 2000 (all further references herein shall be to RSMo 2000 unless otherwise noted) are unconstitutional because upon revocation of probation "when the trial court does not grant time spent on proba-

tion appellant is thus, subjected to increases in punishment resulting in double punishment/double jeopardy" (sic) and "when reading [sections] 559.100, with 559.115 and [217.650(4)], these statutes have direct conflict with one another over what constitutes 'probation' and 'parole;' " (sic) (2) it "failed to recognize that this probation is more similar situated to parole and all conditions thereof rather than one simply granted probation who never gets delivered to the Missouri Department of Corrections;" (sic) and (3) it failed to recognize that appellant's sentence commenced "upon delivery to the Missouri Department of Corrections and that once commenced his time can not be stopped, thus appellant must receive all time spent on probation after his release from prison." (sic) Pursuant to state's motion, we dismiss the appeal.

On September 4, 2001, appellant filed a *pro se* "Petition for Accreditation of Probation and/or in the alternative Motion for Reduction of Term of Sentence" (Petition). The Petition is essentially in two counts: The first count is the Accreditation Petition, the subject of this appeal, and the second is a Motion for Reduction of Term of Sentence. The Accreditation Petition was drafted "pursuant to Missouri Supreme Court Rule 29.12(b)" and its language indicates that appellant "was granted a term of probation" following the disposition of a certain unidentified case, in which appellant had apparently pleaded guilty, and that, thereafter, appellant remained on probation for 1050 days, at which time his probation was revoked for reasons also not stated. An answer on behalf of state does not appear in the record.

On September 7, 2001, the trial court issued a judgment in which it found that "nothing contained in the instant Petition causes the Court to find that the relief sought is necessary or appropriate," and therefore denied the Petition. Appellant filed a Motion to Reconsider the Accreditation of Probation, which the trial court denied on October 5, 2001. That day, appellant filed a Notice of Appeal to the Supreme Court along with an Application for Transfer and suggestions in support.

Thereafter, state filed a Motion to Dismiss Appeal for Lack of Jurisdiction and supporting memorandum in the Supreme Court. In its motion, state argued that the Supreme Court was without jurisdiction to hear the appeal because: (1) an Accreditation Petition was not authorized by law and, therefore, would not support an independent cause of action and appeal; and (2) the granting or denying of credit for time spent on probation was strictly within the discretion of the trial court.

The Supreme Court ordered the case transferred to this Court, "where jurisdiction is vested," pursuant to Article V, section 11, of the Missouri Constitution, and overruled state's motion to dismiss for lack of jurisdiction. State re-filed its motion to dismiss, which we ordered Taken with Case. Appellant subsequently filed a Motion to Overrule State's Motion to Dismiss Appeal for Lack of Jurisdiction.

We first address the jurisdiction issue. As stated, state in its motion to dismiss and memorandum in support thereof, argues that this Court is without jurisdiction to address appellant's appeal because: (1) an Accreditation Petition is not authorized by law and therefore will not support an independent cause of action and appeal; and (2) the granting or denying of credit for time spent on probation is strictly within the discretion of the trial court.

The first prong of state's motion is dispositive. Appellant's Accreditation Petition was filed pursuant to Rule 29.12(b), which provides: "Plain errors affecting substantial rights may be considered in the

discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Notably, Rule 29.12(b) places no time limitation upon the trial court's use of its discretion.

However, in *Vernor v. State*, 30 S.W.3d 196, 197 (Mo.App. E.D.2000), we held that Rule 29.12(b) did not provide a basis for an independent motion, and that defendant's remedy was to pursue a motion for post-conviction relief under Rule 24.035. We further held that we were without jurisdiction to entertain defendant's appeal because, since there was no independent basis for defendant's motion, there could be no appealable judgment and, also, that there was no statute providing the right to appeal from a Rule 29.12(b) motion.

Similarly, in *State v. Vickery*, 878 S.W.2d 460 (Mo.App. E.D.1994), we held that the time limitations of Rule 24.035 applied to defendant's Rule 29.12(b) motion for plain error review, and that defendant's failure to file a timely Rule 24.035 motion barred review of his claim, reasoning that a contrary ruling would allow defendants to bypass the time limitations of Rule 24.035. *Id.* at 461.

Here, appellant's remedy was to pursue a motion for post-conviction relief under Rule 24.035. Since there is not an independent basis for appellant's Accreditation Petition and not statutory authority for an appeal from a Rule 29.12(b) motion, there is not an appealable judgment. Therefore, we do not have jurisdiction.

Appeal dismissed.

JAMES R. DOWD, C.J. and MARY K. HOFF, J., concur.