STATE of Missouri, Respondent,

v.

**Maurice GREEN, Appellant.**

No. ED 89804.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 11, 2007.

---

Maurice Green, Jefferson City, MO, pro se.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Chief Judge.

Maurice Green (Defendant) appeals from an order denying his motion to correct an error in his judgment pursuant to Rule 29.12(b). The appeal is dismissed.

Defendant was convicted of trafficking in drugs in the first degree after a plea of guilty. The trial court sentenced him to ten years imprisonment, consistent with his plea agreement. On April 3, 2007, Defendant filed a "Motion to Correct Error Pursuant to Rule 29.12(b)." Defendant asserted that manifest injustice would result if the court did not correct his written judgment and sentence. On April 5, 2007, the trial court denied Defendant's motion. Defendant appealed.

This Court must determine its jurisdiction to entertain any appeal. If this Court lacks jurisdiction, then the appeal should be dismissed. *Buff v. Roper*, 155 S.W.3d 811, 812 (Mo.App. E.D.2005). Rule 29.12(b) provides: "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." In *Vernor v. State*, 30 S.W.3d 196, 197 (Mo.App. E.D.2000), this Court held that Rule 29.12(b) does not provide a basis for an independent motion, and that defendant's remedy was to pursue a motion for post-conviction relief under Rule 24.035. In addition, this Court is without jurisdiction to entertain an appeal from the denial of a Rule 29.12(b) motion, because, if there is no independent basis for defendant's motion, there can be no appealable judgment. Id. Moreover, there is no statutory authority providing the right to appeal from a Rule 29.12(b) motion. Id.; *See also, State v. Douglas*, 78 S.W.3d 229, 231 (Mo.App. E.D.2002).

We issued an order directing Appellant to show cause why his appeal should not be dismissed. Appellant has failed to file a response. Without any authority for an appeal, we must dismiss the appeal.

The appeal is dismissed for lack of an appealable judgment.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.