**John FRENTZEL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 19153.

Missouri Court of Appeals,
Southern District,
Division One.

April 11, 1994.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Watson, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

John Victor Frentzel (movant) was charged with possession of burglar's tools, § 569.180, RSMo 1978, (Count I), and two counts of unlawful use of a weapon, § 571.-030.1(1), RSMo Cum.Supp.1983, (Count II—knowingly carrying a knife concealed upon his person; and Count III—knowingly carrying a blackjack concealed upon his person).

Following a jury trial, movant was found guilty of the offense charged in Count I. On November 16, 1984, he was sentenced to imprisonment for a term of 5 years.[1] *See State v. Frentzel,* 717 S.W.2d 862 (Mo.App. 1986). After movant was tried and found guilty of the offense charged in Count I, but before his appeal was completed, he pleaded guilty to the offense charged in Count II. On July 22, 1985, he was sentenced in Count II to imprisonment for a term of 3 years. The sentence in Count II was consecutive to the sentence in Count I. The state dis-

missed Count III. The mandate in movant's appeal in Count I was entered October 20, 1986.

On December 7, 1992, movant filed a combined Rule 24.035 and Rule 29.15 motion[2] in the Circuit Court of Bollinger County. The trial court dismissed movant's motion without an evidentiary hearing on the basis, among others, that it was not timely filed. This court affirms.

Movant presents one point on appeal. He contends the trial court erred in dismissing his motion "because the absolute deadline imposed by Rules 29.15(b) and 24.035(b) operated to arbitrarily deny [movant] his right to due process of law ... in that the rules make no provision for the late filing of a postconviction motion for good cause shown."[3]

The pertinent provisions of the rules movant has challenged state:

> The motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035.

Rule 24.035(b). And:

> If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04. If no appeal of such judgment was taken, the motion shall be filed within ninety days of the date the person is delivered to the custody of the department of corrections.... Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15.

Rule 29.15(b).

Time limitations imposed for filing Rule 24.035 and Rule 29.15 motions are valid and

---

1. Count I was severed for trial separate from movant's other charges.

2. The propriety of filing a combined motion for post-conviction relief based on Rules 24.035 and 29.15 is not an issue in this appeal. This court need not and does not address that question.

3. Movant acknowledges in his brief that Missouri courts have consistently decided the issue he attempts to raise in this appeal adversely to him. He says he raises the issue again "for the purpose of preservation" in the event that a subsequent court decision may render prior decisions by the Supreme Court of Missouri inapplicable.

mandatory. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992); *Day v. State*, 770 S.W.2d 692 (Mo. banc), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).[4]

No error of law appears. Further opinion would have no precedential value. The order of the trial court dismissing movant's motion is affirmed in compliance with Rule 84.16(b).

All concur.

---

**4.** Rule 24.035 and Rule 29.15 were effective January 1, 1988. Although not addressed by movant in this appeal, both included provisions regarding sentences pronounced prior to January 1, 1988, in criminal cases in which no prior motions for postconviction relief had been filed. Leave was granted to file motions under Rule 29.15 or 24.035 in such cases before June 30, 1988. Failure to do so constituted "a complete waiver of the right to proceed" under the applicable rule. *See* Rules 24.035(*l*) and 29.15(m). The record does not reflect that movant filed any motion within those time constraints.