STATE of Missouri, Respondent,

v.

Raymond G. PENDLETON, Appellant.

No. WD 50448.

Missouri Court of Appeals,
Western District.

Sept. 5, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 31, 1995.

Application to Transfer Denied
Dec. 19, 1995.

Kenneth C. Hensley, Raymore, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before FENNER, C.J., and KENNEDY and LAURA DENVIR STITH, JJ.

FENNER, Chief Judge.

Raymond G. Pendleton appeals the denial of his Motion to Set Aside Guilty Plea in the Cole County Circuit Court. Appellant contends that manifest injustice occurred when the motion was denied because he was induced to reject an earlier, more favorable plea agreement by agents of the Federal Bureau of Investigation and the actions of the agents were shocking to the principles of fundamental fairness and universal justice, thereby denying appellant his due process rights. In addition to responding to appellant's arguments, the State of Missouri has filed a motion to dismiss this appeal on the basis that it is out of the time limits set forth in Missouri Rule of Criminal Procedure 24.035.

Appellant was arrested in November 1991 and subsequently charged with three counts of receiving stolen property. Charges of driving while intoxicated, driving while suspended, and misdemeanor possession of marijuana were also pending against appellant at the time. Plea negotiations began between appellant's trial counsel, David Schmitt, and the Buchanan County Prosecutor. An initial plea agreement was offered to appellant, the terms of which included appellant pleading guilty to two of the felony receiving stolen property charges, with the third to be dismissed, and the prosecutors recommending a cap of a five year sentence on each count, with the sentences to run concurrently. All misdemeanors would be dismissed except for one DWI for which appellant was required to plead guilty, with the recommendation that any sentence run concurrent to any sentence on the felony receiving stolen property charges. Also included as part of the plea offer was the requirement that appellant cooperate fully with the FBI regarding any federal investigation and with Missouri State Highway Patrol and Buchanan County Sheriff deputies about any area of inquiry.

Though recommended by trial counsel, appellant rejected this initial plea agreement. The charges against appellant arose from his involvement in transporting stolen tractor trailers and trailer refrigeration units to a chop shop in Arkansas and a purported "dirty highway patrolman in Texas." The Arkansas chop shop, however, was under the control of the FBI—a fact allegedly unknown to appellant and his trial counsel during plea negotiations. Appellant claims he rejected the initial plea offer because his life and family were threatened by the "Arkansas people" if he cooperated with federal authorities. Appellant further claims he was contacted by Mark Jessie, an undercover FBI agent at the Arkansas chop shop, wanting to involve him in continued criminal activity while the charges against him were pending. Though it is unclear from the sparse record before us, it appears appellant declined this offer.

Appellant claims that Agent Jessie told him that the Arkansas shop had been raided and that the only way federal authorities could have known about the shop was if appellant told them. Jessie allegedly warned appellant not to cooperate with federal authorities and promised appellant he would begin to send him money owed him for his services. Appellant was able to produce a February 20, 1992, Western Union receipt in the amount of $1,000.00 wired from Harrison, Arkansas to St. Joseph, Missouri. Soon after, appellant canceled a meeting with a local FBI agent and allegedly informed Schmitt of the threats against him. Agent Jessie testified in a deposition in conjunction with the motion to set aside appellant's guilty plea that he never threatened appellant, though he did wire appellant $1,000.00 to keep appellant from harming a cooperating witness or the their property.

After rejecting the initial plea agreement, appellant was charged with two additional DWI's. Appellant then accepted a plea offer providing that the appellant plead guilty to two of the three felony receipt of stolen property charges and to the initial DWI charge, but there would be no recommenda-

tion on sentencing. Though it is not a part of the record before this court, it appears that appellant was sentenced in May 1992 by Judge Patrick Robb to two consecutive six-year sentences on the receiving stolen property counts and a consecutive two year sentence for felony DWI.[1] Appellant claims that at the time of sentencing, he did not know of the FBI's involvement in the Arkansas chop shop. Appellant further states that he did not inform the sentencing court of the alleged threats and the $1,000.00 payment because he thought Agent Jessie was a criminal and that the court would be unsympathetic about such matters.

Appellant was received by the Missouri Department of Corrections on June 4, 1992, to begin serving the aforementioned sentences. Appellant was then moved to Harrison County, Arkansas, on July 2, 1992, to answer to federal charges resulting from the same transactions that served as the basis for the charges in Missouri. Through discovery in the federal case, appellant claims to have learned sometime in late July or early August that the Arkansas chop shop was operated by the FBI. Appellant subsequently notified his trial counsel, Schmitt, of this development. Despite this new information, appellant made no motion of any sort to overturn his guilty plea until at least 15 months later, on December 8, 1993, when he filed his Motion to Set Aside Guilty Plea under Rule 29.07(d) that is the subject of this appeal. This motion was denied by the circuit court on December 8, 1994.

## I. *STANDARD OF REVIEW*

■ A defendant does not have an absolute right to withdraw a guilty plea. *State v. Mandel,* 837 S.W.2d 571, 573 (Mo.App.1992). Such relief should be granted by a motion court only upon a showing that the relief of withdrawal of the plea is necessary to correct manifest injustice. *State v. Hasnan,* 806 S.W.2d 54, 55 (Mo.App.1991). In reviewing the denial of a motion to withdraw guilty plea pursuant to Rule 29.07, the reviewing court is to determine whether the trial court abused

its discretion or was clearly erroneous. *Scroggins v. State,* 859 S.W.2d 704, 706 (Mo. App.1993). It is the burden of the defendant to prove by a preponderance of the evidence that the motion court erred. *Id.* at 706–07.

■ If appellant's plea of guilty was voluntary and was made with an understanding of the charges against him, there can be no manifest injustice inherent in the plea. *Winford v. State,* 485 S.W.2d 43, 49 (Mo. banc 1972); *Scroggins,* 859 S.W.2d at 707. If a defendant is misled or induced to enter a plea of guilty by fraud, mistake, misapprehension, coercion, duress or fear, he or she should be permitted to withdraw the plea. *Latham v. State,* 439 S.W.2d 737, 739 (Mo. 1969); *Scroggins,* 859 S.W.2d at 707. "Unawareness of certain facts at the time of a plea does not necessarily render the plea unintelligent or involuntary." *Id.; State v. Nielsen,* 547 S.W.2d 153, 161 (Mo.App.1977).

## II. *RELATIONSHIP BETWEEN RULE 29.07 AND RULE 24.035*

Before considering the merits of appellant's argument, we must first address the issue of whether appellant's Motion to Set Aside Guilty Pleas was properly brought pursuant to Rule 29.07 raised in the state's motion to dismiss this appeal. It is the contention of the state that Rule 24.035 provides the "exclusive procedure ... in the sentencing court" for challenging the validity of a guilty plea in a felony case. *Rule 24.035(a).*

Rule 24.035 provides the exclusive avenue of appeal for certain claims after a plea of guilty, stating the following:

> A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the *judgment of conviction* or *sentence* imposed violate the constitution or laws of this state or the constitution of the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law

---

1. Appellant received an additional 5 year prison sentence associated with a probation revocation

in Lafayette County, Missouri.

may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035.

***Rule 24.035(a).*** The rule also provides that all motions brought pursuant to Rule 24.035 must be filed within 90 days after the movant is delivered to the custody of the department of corrections and that the failure to file within the time provided by the rule constitutes a complete waiver of any right to proceed under it. ***Rule 24.035(b).***

With regard to the withdrawal of guilty pleas, Rule 29.07(d) provides:

> A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Unlike Rule 24.035, Rule 29.07 contains no time limitation for the filing of motions seeking to withdraw guilty pleas under the umbrella of manifest injustice.

The interaction of Rules 24.035 and 29.07 was discussed by the Southern District of this court in *State v. Ryan,* 813 S.W.2d 898 (Mo.App.1991). In *Ryan,* the court concluded that where an appellant is delivered to the custody of the Department of Corrections and the appellant's claim is within the grounds for which Rule 24.035 provides the exclusive procedure for appeal and is time-barred by Rule 24.035, Rule 29.07 will not provide a means to circumvent Rule 24.035. 813 S.W.2d at 902.

■ There is no stated time limit upon the filing of a Rule 29.07 motion. If, however, the allegations of the motion and the relief sought bring the motion within Rule 24.035,

the time limitations of Rule 24.035 cannot be avoided simply by entitling the pleading a Rule 29.07 motion. It remains a Rule 24.035 motion and is subject to all the terms and conditions of Rule 24.035, including the time limitations. This is not to say that every Rule 29.07 motion would be subject to the Rule 24.035 time limitations. If the asserted grounds for relief were not cognizable under Rule 24.035, then the Rule 24.035 time limitations would not apply.[2]

The question in the case at bar thus becomes whether the claims of error asserted by appellant under Rule 29.07 are actually within the grounds enumerated in Rule 24.035 for which that rule provides the exclusive means of appeal and, as a result, are time-barred by that statute.

■ One of appellant's claims alleges that the conduct of the FBI was shocking to the principles of fundamental fairness and universal justice and "thus a denial of the appellant's due process rights." This necessarily implies that either the judgment of conviction or the sentence violated the Constitution. Such a claim is within those enumerated by Rule 24.035(a), and thus time-barred.

■ Appellant's second claim alleges that manifest injustice occurred when he accepted the second plea agreement because he was induced by agents of the FBI through fraud, coercion, duress, and fear to reject the first plea agreement. Though this claim does not specifically allege a denial of due process, that is nonetheless the essence of the claim. Appellant argues that his due process rights to a fair hearing were denied by the fraud, coercion, duress and fear occasioned against him by the government. Once again, this claim is within those enumerated under 24.035, and thus is time-barred.[3]

---

2. The state argues that once a defendant pleads guilty, is sentenced pursuant to that plea, and is received by the Department of Corrections, Rule 24.035 provides the exclusive procedure for attempting to vacate or set aside the plea. We do not believe this is an accurate statement of the rule or the *Ryan* holding. Rule 24.035 is the exclusive method of appeal only as to the grounds enumerated within the rule. All other grounds are excluded from the rule by omission. To hold otherwise would render Rule 29.07(d) meaningless.

3. The fact that appellant was unaware that FBI agents controlled the Arkansas chop shop until after he had been in the custody of the Missouri Department of Corrections for approximately 30 days begs the question as to when the 90 day period would commence running under Rule 24.035(b). Would it begin to run the day appellant went into the custody the Department of Corrections, according to the black letter of the Rule, or the day on which appellant became aware of the circumstances on which he bases his appeal? We need not address this issue in this case as appellant filed his Motion to Set

■ Furthermore, the result in this case would be the same even if it were not time barred and instead evaluated based on the standards of Rule 29.07(d). Appellant must prove by a preponderance of the evidence that the motion court erred in denying his motion. Appellant simply cannot satisfy this burden based on the record before this court. Though appellant claims that the undercover FBI agents threatened his life and his family, the direct testimony of the agent allegedly making the threats was that no threat was ever made. Though the agent acknowledged that he had wired $1,000.00 to appellant, he provided a reasonable explanation that the money was paid to protect a cooperating witness, not buy appellant's silence. At best, this evidence is conflicting. Further, appellant's trial counsel testified that the initial plea offer was withdrawn as a result of the additional DWI charges against appellant. Even if appellant was aware of the fact that the Arkansas chop shop was controlled by the FBI, it is unclear whether the initial plea offer would have been available for him to accept in light of his continued flaunting of the laws of this state. There is clearly not a preponderance of evidence to support appellant's position. The motion court did not abuse its discretion in denying appellant's Motion to Set Aside Guilty Plea.

Appellant's appeal is dismissed as his Motion to Set Aside Guilty Plea was time-barred by Rule 24.035.

All concur.

---

Aside Guilty Plea 17 months after he was remanded to the custody of the Department of Corrections and at least 15 months after he became aware of the FBI's involvement in the Arkansas chop shop. In either case, appellant's claim is time-barred by Rule 24.035(b).