Earl J. REYNOLDS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 52201.

Missouri Court of Appeals,
Western District.

Dec. 24, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 1997.

Application to Transfer Denied
March 25, 1997.

James R. Wyrsch, W. Brian Gaddy, Wyrsch Hobbs Mirakian & Lee, P.C., Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Becky Owenson Kilpatrick, Assistant Attorney General, Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and LAURA DENVIR STITH and HOWARD, JJ.

LAURA DENVIR STITH, Judge.

Defendant Earl Reynolds' Rule 24.035 and Rule 29.07(d) motions for post-conviction re-

lief were dismissed by the motion court because they were not brought within the time limits set by Rule 24.035.[1] He appeals the dismissals, alleging that (1) the time limit for Rule 24.035 motions should not apply here because the facts underlying the motion were not known to him until after the time period for filing his motion had passed, and (2) his Rule 29.07(d) motion is not governed by the ninety-day time limit set out in Rule 24.035 because his claim is not cognizable under Rule 24.035. We find that Mr. Reynolds was bound by the ninety-day time limit of Rule 24.035 and that his Rule 29.07 claim is merely a restatement of his Rule 24.035 claim and hence is governed by the time limits for filing Rule 24.035 motions. We note, however, that Mr. Reynolds' allegations, if proved, would constitute the type of manifest injustice which may be cognizable in habeas corpus should he file a petition for such relief in the appropriate court. Judgment affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Reynolds was charged with three counts of first-degree armed robbery and two counts of armed criminal action in connection with separate robberies of three pizza deliverymen. The case came to trial on June 3, 1991. At that time, Mr. Reynolds pleaded guilty to the robbery counts pursuant to a plea agreement. As part of the agreement, the State dismissed the armed criminal action counts and recommended three concurrent fifteen year sentences for the armed robbery counts.

At that time, Mr. Reynolds discussed the terms of his plea agreement with his attorney and in open court with the trial judge. Mr. Reynolds does not dispute the adequacy of the plea colloquy conducted by the trial judge. In the plea colloquy, Mr. Reynolds stated that his plea was voluntary and that no one had promised him anything not before the court to induce his plea. No mention was made of any promise that he would be released after serving 120 days. The judge sentenced Mr. Reynolds to three concurrent fifteen year terms.

Nonetheless, almost four years later, on April 17, 1995, Mr. Reynolds filed a motion to correct judgment and sentence or, in the alternative, to withdraw his guilty plea in which he alleged that his attorney told him that he had reached an unconditional agreement that he would be released after serving 120 days.

In fact, there is no provision in Missouri law under which a lawyer could unconditionally guarantee a prisoner release in 120 days after imposition of the sentence. Trial courts in Missouri do, however, have the power to grant probation to defendants up to 120 days after they have been delivered to the custody of the Department of Corrections. § 559.115(2), RSMo 1994.[2] This procedure, called "120-day callback," allows trial courts to sentence certain defendants to "shock detention." *See* § 559.120 (providing guidelines for the use of probation). The decision to grant such probation is always discretionary with the trial judge, and is made after he receives a report and recommendation from the Department of Corrections. § 559.115(2).

The court below held a hearing on Mr. Reynolds' motion. At the hearing, Mr. Reynolds and his family testified that his attorney affirmatively told him he had a plea bargain under which he would spend 120 days in jail and then he would definitely be called back and placed on fifteen years of probation, and they were not told by his attorney that the callback was subject to any conditions.

Mr. Reynolds further alleged that his lawyer had told him that both the judge and prosecutor had agreed to his release in 120 days, but that as a part of the agreement no mention of the deal could be made on the record. He also alleged that his attorney then told him that when he was asked in court whether any other deals or promises had been made in exchange for his guilty plea, he was to answer "no." He claimed that he would not have entered his guilty plea without the promise that he would be released in 120 days.

---

**1.** Rule references are to Missouri Supreme Court Rules (1995).

**2.** Statutory references are to RSMo 1994.

Neither Mr. Reynolds' attorney nor the judge were available for testimony at the hearing, as both had died in the intervening years. While the prosecutor denied the agreement alleged by Mr. Reynolds, and denied that even a regular 120–day callback was part of the plea agreement, the motion court did find in the court file a post-plea letter from Mr. Reynolds' attorney requesting probation, a 120–day callback motion filed by another attorney, evidence that the trial judge considered a 120–day callback, and letters and reports from the Division of Probation and Parole recommending against probation.

The motion court judge dismissed the post-conviction motion without reaching its merits or determining issues of credibility. He found that the Rule 24.035 motion was time-barred and that Rule 29.07(d) relief was unavailable because the claim was really for Rule 24.035 relief. This appeal followed.

## II. RULE 24.035 RELIEF IS TIME–BARRED

Rule 24.035 allows persons who pleaded guilty to a felony charge to challenge their conviction or sentence in the sentencing court:

> A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035....

Rule 24.035(a). Where, as here, no direct appeal is taken, persons seeking relief under Rule 24.035 must file a motion under that rule within ninety days of their delivery to the custody of the Department of Corrections. Rule 24.035(b).

Mr. Reynolds admits that if the usual rules applied his Rule 24.035 motion would be untimely in that he filed it in 1995, almost four years after he was delivered to the custody of the Department of Corrections. He claims that the ninety-day time limit does apply here, however, because: (1) he could not have been aware of his grounds for seeking Rule 24.035 relief until he was not paroled after 120 days, and that at the latter point the ninety days to file for relief under Rule 24.035 had passed; and (2) his counsel's misrepresentations regarding his release in 120 days and failure to advise him of his rights under Rule 24.035 effectively constituted abandonment and entitle him to relief under Rule 29.07(d), which does not contain a ninety-day time limit.

■ Our review of the denial of a Rule 24.035 motion is limited to determining whether the trial court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). *See also Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Findings and conclusions are clearly erroneous only if a review of the entire record leaves us with the definite and firm impression that a mistake has been made. *Day*, 770 S.W.2d at 695–96.

■ Numerous cases have determined that the ninety-day time limit for filing Rule 24.035 motions is reasonable, mandatory, and valid, and satisfies the requirements of due process. *See, e.g., Day*, 770 S.W.2d at 695; *Johnson v. State*, 818 S.W.2d 656, 657 (Mo. App.1991). Further, the time limit for filing Rule 24.035 motions is strictly enforced and failure to file a Rule 24.035 motion within the time limit completely waives the right to relief under the rule. *Thomas v. State*, 808 S.W.2d 364, 365 (Mo. banc 1991); *Day*, 770 S.W.2d at 696; *State v. Ryan*, 813 S.W.2d 898, 901 (Mo.App.1991). Rule 24.035 makes no provision for extending the deadline for filing a motion for relief. *White v. State*, 779 S.W.2d 571, 572 (Mo. banc 1989); *Leatherwood v. State*, 898 S.W.2d 109, 111 (Mo.App. 1995); *Frentzel v. State*, 873 S.W.2d 662, 663 (Mo.App.1994).

By promulgating Rule 24.035 with such a strict time limit, the Supreme Court of Missouri has decided that any inequities created

by the application of the time limit to post-conviction relief claims are outweighed by the benefits of avoiding delay and preventing the litigation of stale claims. *See Day,* 770 S.W.2d at 695. We are constitutionally bound to follow the decisions of the Missouri Supreme Court. Mo. Const. art. V, § 2; *Leatherwood,* 898 S.W.2d at 111.

■ Mr. Reynolds recognizes the rule stated in these cases, but urges us to take note of the quandary created by the interaction of the 120–day callback provision and the ninety-day filing limit for Rule 24.035 motions. He argues that he was placed in the position of either filing a timely Rule 24.035 motion to allege that the 120–day callback was a secret part of his plea agreement at a time when he was not yet aggrieved and he fully believed he had an unconditional agreement to be released, or waiting to see if he would be given probation after 120 days, by which time the filing deadline for Rule 24.035 motions would have passed. Other courts have recognized this catch–22 but have held that they are powerless to change the ninety-day time limit set out in Rule 24.035. *See Leatherwood,* 898 S.W.2d at 111 (recognizing this dilemma, but rejecting the argument because of the strict time limit in Rule 24.035(b)); *Matthews v. State,* 863 S.W.2d 388, 390 (Mo.App.1993) (same).

Mr. Reynolds notes, however, that in *State v. Pendleton,* 910 S.W.2d 268 (Mo.App.1995), we suggested in *dicta* that the ninety-day time limit in Rule 24.035 may be tolled until a movant is able to discover the ground for relief asserted, even if this is later than ninety days after the movant is taken into the custody of the Department of Corrections as required by the black letter of the rule. *Pendleton,* 910 S.W.2d at 271 n. 3. We found it unnecessary to resolve this issue in *Pendleton,* however, because Mr. Pendleton had in any event filed his motion for relief more than ninety days after he admitted he became aware of his grounds for relief. His motion was thus untimely even if an extension of the time limit were permitted.

This case presents us with the same scenario. We need not resolve the issue of whether the Rule 24.035 ninety-day time limit should have begun to run only when Mr. Reynolds first learned of the grounds for relief at the time that he was not called back after serving 120 days in prison, because he did not file suit for over three years after he learned he would not be called back.[3]

## III. RULE 29.07 RELIEF IS NOT AVAILABLE WHEN THE CLAIM IS COGNIZABLE UNDER RULE 24.035

■ Mr. Reynolds alternatively claims that the motion court committed clear error by denying his motion for Rule 29.07 relief because the claim raised in his motion is not cognizable under Rule 24.035. His motion for Rule 29.07(d) relief again alleges that his counsel misled him into believing that the judge agreed he would be released in 120 days, and that this was part of his plea agreement. He argues that letting his guilty plea stand would result in manifest injustice because it was based on his counsel's affirmative misrepresentation.

Rule 29.07(d) allows a defendant to withdraw a guilty plea to correct manifest injustice, stating:

> to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Rule 29.07(d).

Rule 29.07(d) itself imposes no time restrictions on the granting of relief under that rule. Thus, if it is considered alone, Mr. Reynolds' motion would not be untimely. Rule 29.07(d) must be read in *pari materia* with Rule 24.035, however, which declares itself to be the "exclusive procedure" for challenging the validity of a guilty plea in a felony case in the sentencing court. Rule 24.035(a).

---

**3.** It is possible that during this three year delay Mr. Reynolds sought relief on this ground in the *pro se* petitions for habeas corpus relief he filed in both state and federal courts. The courts denied relief in each case. The records of these actions were not made part of our record, so we are unable to determine if and when those suits were filed or what they asserted. In any event, the filing of such habeas motions does not stay the time for filing a motion under Rule 24.035.

This Court and other districts of the Court of Appeals have reconciled these rules by holding that defendants cannot bypass the time limits of Rule 24.035 simply by asserting a Rule 24.035 claim under Rule 29.07. *Pendleton*, 910 S.W.2d at 271; *Ryan*, 813 S.W.2d at 902; *see also State v. Vickery*, 878 S.W.2d 460, 462 (Mo.App.1994). For example, in *Ryan*, the Court of Appeals for the Southern District reasoned that the time limits in Rule 24.035 would be rendered worthless if they could be bypassed by such machinations, stating:

> To hold otherwise would emasculate Rule 24.035 and constitute Rule 29.07(d) an escape hatch through which any claim procedurally barred by Rule 24.035 could scurry into trial courts. Such circumstances would render the Supreme Court's repeal of Rule 27.26 and adoption of Rule 24.035 a useless act and reopen the trial courts to stale claims, contrary to the declared objective of Rule 24.035.

*Ryan*, 813 S.W.2d at 902.

Faced with the problem of reconciling Rule 29.07(d) and Rule 24.035 where a constitutional violation is alleged, we similarly held in *Pendleton* that "[i]f the asserted grounds for relief were not cognizable under Rule 24.035, then the Rule 24.035 time limitations would not apply." *Pendleton*, 910 S.W.2d at 271. In that case, however, we found that the essence of the defendant's claim—that he was induced to enter a plea agreement through fraud, coercion, and duress—was that the plea was not voluntary and he was denied due process. Because a claim of due process denial is cognizable under Rule 24.035, we held Mr. Pendleton could not bypass Rule 24.035 time restrictions simply by asserting his claim for relief under Rule 29.07. *Id.*

In the present case, Mr. Reynolds alleges that he entered into his plea agreement because of his counsel's affirmative misrepresentation that he would be released in 120 days. The essence of this claim, like that in *Pendleton*, is that he did not enter his guilty plea voluntarily—this, of course, is a violation of his constitutional due process rights. *See Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969).

As a result, his claim was cognizable under Rule 24.035, and indeed he alternatively brings it under that rule. Therefore, his claim is time-barred by the time limitation of Rule 24.035(b).

The unavailability of relief under Rules 24.035 or Rule 29.07(d) does not mean that Mr. Reynolds is without any avenue of relief. The Missouri Supreme Court specifically recognized in *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. banc 1993), that habeas corpus relief under Rule 91 is available to correct manifest injustice, even if a detainee has failed to timely seek Rule 24.035 relief, if the detainee can establish that his grounds for relief were not "known to him" while Rule 24.035 proceedings were available and that his failure to file a timely motion under Rule 24.035 did not simply constitute "a calculated, strategic decision to forego both appeal and post-conviction motions in the hope of receiving probation within 120 days." *Id.* at 447. *See also White v. State*, 779 S.W.2d 571, 572 (Mo. banc 1989).

██ A judge could find that Mr. Reynolds' allegations of an affirmative misrepresentation that the judge had already agreed to release him in 120 days, in the facts and circumstances of this case, constitute just such manifest injustice as will allow habeas relief. At oral argument counsel for Mr. Reynolds invited us to consider Mr. Reynolds' Rule 29.07(d) motion as one for habeas corpus relief in the present case. We are without jurisdiction to do so, however. Habeas corpus proceedings must be brought in a court having jurisdiction over the place of confinement or detention, and against the person confining the movant. Rule 91.02(a); *White v. State*, 779 S.W.2d at 572. These requirements are not fulfilled here.

For these reasons, we affirm the motion court's dismissal of Mr. Reynolds' motions for post-conviction relief without prejudice to his right to seek habeas corpus relief on the basis of manifest injustice.

All concur.