Kenneth N. LOGAN, Appellant Pro Se,

v.

STATE of Missouri, Respondent.

No. WD 57822.

Missouri Court of Appeals, Western District.

July 25, 2000.

Kenneth N. Logan, Tipton, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Troy Allen, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., EDWIN H. SMITH and LOWENSTEIN, JJ.

PATRICIA BRECKENRIDGE, Judge.

Kenneth N. Logan appeals the dismissal of his motion for declaratory relief for failing to state a claim upon which relief can be granted. In his motion, Mr. Logan asked the court to vacate his conviction for sale of a controlled substance because his guilty plea was not knowingly, intelligently and voluntarily made, and the trial court lacked jurisdiction to enter its judgment of conviction and sentence. On appeal, Mr. Logan contends that the motion court erred in dismissing his motion because he pleaded sufficient facts entitling him to relief. Because we find the motion court lacked jurisdiction to consider Mr. Logan's motion, we reverse and remand with directions to the Court below to dismiss the motion based on lack of jurisdiction.

Mr. Logan sold marijuana to an undercover police officer. He was subsequently indicted by a grand jury for one count of the class B felony of sale of a controlled substance, in violation of § 195.211, RSMo 1994. On October 5, 1998, Mr. Logan pleaded guilty. The trial court sentenced him on February 19, 1999, to five years' imprisonment. Mr. Logan was delivered to the custody of the Missouri Department of Corrections on February 26, 1999.

On September 1, 1999, Mr. Logan filed a motion which he entitled, "Motion for Declaratory Relief." Mr. Logan averred in his motion that the undercover police officer's written report was false, and his counsel failed to apprise him of the false nature of the police report before he pleaded guilty. Mr. Logan claimed that, as a result, his guilty plea was not knowingly, intelligently, and voluntarily made, and his constitutional rights to due process of law

and equal protection of the law were violated. Mr. Logan also claimed that the indictment against him was defective because it was based upon the allegedly false police report, and thus the trial court was without jurisdiction to enter its judgment of conviction and sentence. Mr. Logan asked the court to vacate his conviction, discharge him from illegal confinement, and expunge his record. He alleged he was seeking this relief pursuant to Rule 29.07(d). The motion court dismissed Mr. Logan's motion for failing to state a claim upon which relief can be granted. Mr. Logan filed this appeal.

■■■ Although raised by neither party, this court must address the timeliness of Mr. Logan's motion for post-conviction relief, as it is jurisdictional. *See Hall v. State*, 992 S.W.2d 895, 897 (Mo.App.1999). Rule 29.07(d), the rule pursuant to which Mr. Logan claimed to seek relief, provides that after a defendant's sentence is imposed, the court "may set aside the judgment of conviction and permit the defendant to withdraw his plea" in order to correct a "manifest injustice." Rule 29.07(d) imposes no time limits upon the filing of a motion seeking relief under that rule. *Reynolds v. State*, 939 S.W.2d 451, 454 (Mo.App.1996). If, however, a defendant raises claims in a Rule 29.07(d) motion which are within those enumerated in Rule 24.035, the motion "remains a Rule 24.035 motion and is subject to all the terms and conditions of Rule 24.035, including the time limitations[,]" regardless of how the motion is entitled. *State v. Pendleton*, 910 S.W.2d 268, 271 (Mo.App. 1995). The rationale is that "[t]o hold otherwise would emasculate Rule 24.035 and constitute Rule 29.07(d) an escape hatch through which any claim procedurally barred by Rule 24.035 could scurry into trial courts." *State v. Ryan*, 813 S.W.2d 898, 902 (Mo.App.1991).

Claims cognizable under Rule 24.035 are set forth in subsection (a) of the rule,[1] which provides, in pertinent part, as follows:

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

\* \* \*

■ In his motion, Mr. Logan asserted that his counsel's failure to apprise him of the alleged falsity of the police report rendered his guilty plea unknowingly, unintelligently, and involuntarily made and, as a result, his constitutional rights were violated. This claim is among those enumerated in Rule 24.035(a). *Reynolds*, 939 S.W.2d at 455. Mr. Logan's other claim, that the alleged false nature of the police report rendered the indictment defective and thereby deprived the trial court of jurisdiction to enter its judgment of conviction and sentence, is also among those enumerated in Rule 24.035(a). Because Rule 24.035 provided the exclusive procedure by which Mr. Logan could seek relief for his claims, Mr. Logan was subject to the time limits imposed by that rule. *Pendleton*, 910 S.W.2d at 271.[2]

---

1. Rule 24.035 was amended on July 1, 2000. This court refers to the version of Rule 24.035 in effect in September of 1999.

2. Mr. Logan asserts that counsel failed to tell him about the alleged falsity of the police officer's report until after the ninety-day deadline for filing a Rule 24.035 motion. In *Pendleton*, 910 S.W.2d 268, 271, this court raised the question whether the ninety-day time limit in Rule 24.035 may be tolled when a movant

Rule 24.035(b) provides that where a defendant does not directly appeal the judgment, the defendant must file the Rule 24.035 motion within 90 days of the date the defendant is delivered to the custody of the department of corrections. Mr. Logan filed his motion over six months after he was delivered to the custody of the department of corrections. As Mr. Logan's motion was time-barred, the motion court lacked jurisdiction to consider it. *See Hall,* 992 S.W.2d at 898. This court, in turn, lacks jurisdiction to consider Mr. Logan's appeal on the merits. *Id.* We have jurisdiction only to remand with directions to the court below to dismiss for lack of jurisdiction.

All concur.

is unable to discover the grounds for relief asserted. This court has never expressly held that the ninety-day time limit in Rule 24.035 may be tolled during the period a movant is unable to discover grounds for relief. Like *Pendleton,* 910 S.W.2d at 271 n. 3, we do not reach the issue. Here, the information in the arrest records was available to Mr. Logan during the entirety of the ninety-day period. His failure to discover the information is not because it was unavailable.