**STATE of Missouri, Respondent,**

v.

**Randall Edward RALSTON, Appellant.**

**No. WD 58698.**

Missouri Court of Appeals, Western District.

April 10, 2001.

Randall Edward Ralston, Moberly, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, Attorneys for Respondent.

Before LAURA DENVIR STITH, P.J., and SMART and HOWARD, JJ.

HOWARD, Judge.

Randall Ralston appeals from the trial court's denial of his Rule 29.07(d) motion to withdraw his plea of guilty following his convictions for burglary and stealing. In his sole point on appeal, Ralston contends that the trial court clearly erred in accepting his plea of guilty and abused its discretion in refusing to allow him to withdraw his plea under Rule 29.07(d) because he was induced to plead guilty based on a promise unfulfilled by the State, rendering his plea of guilty involuntary.

We affirm.

## Facts

On September 13, 1995, Randall Ralston was charged by information in the Circuit Court of Chariton County with burglary in the second degree and stealing. On April 29, 1996, Ralston pled guilty to both counts. Pursuant to the plea agreement, Ralston agreed to plead guilty to both counts and be sentenced to seven years on each count, to be served concurrently with each other and concurrently with a sentence Ralston was then serving on an unrelated conviction in Linn County. The court also ordered Ralston to enter a long-term treatment program for cocaine dependents pursuant to § 217.362 RSMo 1994.

On August 23, 1996, the Missouri Department of Corrections informed the court that Ralston was not eligible for the drug treatment program due to a conflict with his sentence on the Linn County conviction.

On April 7, 2000, Ralston filed a pro se motion to withdraw his guilty plea pursuant to Rule 29.07(d). Ralston alleged that his guilty plea was entered involuntarily because he reasonably relied on the promised opportunity to participate in the drug treatment program. In his motion, Ralston conceded that his claim should have been brought as a Rule 24.035 action, but argued that such an action was not an option because he was not aware that he would not be allowed to participate in the drug treatment program until the ninety-day time limit under Rule 24.035 had passed.

On April 18, 2000, the court denied Ralston's motion to withdraw his guilty plea. This appeal follows.

## Standard of Review

The standard of review of the circuit court's denial of a Rule 29.07 motion was stated in *State v. Pendleton,* 910 S.W.2d 268, 270 (Mo.App. W.D.1995), as follows:

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Mandel,* 837 S.W.2d 571, 573 (Mo.App. 1992). Such relief should be granted by a motion court only upon a showing that the relief of withdrawal of the plea is necessary to correct manifest injustice. *State v. Hasnan,* 806 S.W.2d 54, 55 (Mo. App.1991). In reviewing the denial of a motion to withdraw guilty plea pursuant to Rule 29.07, the reviewing court is to

determine whether the trial court abused its discretion or was clearly erroneous. *Scroggins v. State,* 859 S.W.2d 704, 706 (Mo.App.1993). It is the burden of the defendant to prove by a preponderance of the evidence that the motion court erred. *Id.* at 706–07.

If appellant's plea of guilty was voluntary and was made with an understanding of the charges against him, there can be no manifest injustice inherent in the plea. *Winford v. State,* 485 S.W.2d 43, 49 (Mo. banc 1972); *Scroggins,* 859 S.W.2d at 707. If a defendant is misled or induced to enter a plea of guilty by fraud, mistake, misapprehension, coercion, duress or fear, he or she should be permitted to withdraw the plea. *Latham v. State,* 439 S.W.2d 737, 739 (Mo. 1969); *Scroggins,* 859 S.W.2d at 707. "Unawareness of certain facts at the time of a plea does not necessarily render the plea unintelligent or involuntary." *Id.; State v. Nielsen,* 547 S.W.2d 153, 161 (Mo.App.1977).

### Argument

In his sole point on appeal, Ralston contends that the trial court clearly erred in accepting his plea of guilty and abused its discretion in refusing to allow him to withdraw his plea under Rule 29.07(d) because he was induced to plead guilty based on a promise unfulfilled by the State, rendering his plea of guilty involuntary.

We first address whether Ralston's claim was properly brought under Rule 29.07(d), and whether his claim was timely. Rule 29.07(d) provides that "[a] motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Rule 29.07(d) imposes no time restrictions on the granting of relief under that rule. *Reynolds v. State,* 939 S.W.2d 451, 454 (Mo.App. W.D.1996). Thus, if it is considered alone, Ralston's motion would not be untimely. *Id.* However, Rule 29.07(d) must be read in *pari materia* with Rule 24.035. *Id.*

Claims cognizable under Rule 24.035 are set forth in subsection (a) of the rule,[1] which provides, in pertinent part, as follows:

> A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

Ralston's claim that his guilty plea was unknowingly, unintelligently, and involuntarily made and, as a result, his constitutional rights were violated is among those enumerated in Rule 24.035(a). *See Logan v. State,* 22 S.W.3d 783, 785 (Mo.App. W.D. 2000); *Reynolds,* 939 S.W.2d at 455. Because Rule 24.035 provides the exclusive procedure by which Ralston could seek relief for his claim, Ralston was subject to the time limits imposed by that rule. *Logan,* 22 S.W.3d at 785. A defendant may not bypass the time limits of Rule 24.035

---

1. This refers to the version of Rule 24.035 in effect in 1996.

simply by asserting a Rule 24.035 claim under Rule 29.07. *Reynolds,* 939 S.W.2d at 455. "To hold otherwise would emasculate Rule 24.035 and constitute Rule 29.07(d) an escape hatch through which any claim procedurally barred by Rule 24.035 could scurry into the trial courts." *State v. Ryan,* 813 S.W.2d 898, 902 (Mo. App. S.D.1991).

Rule 24.035(b) provides that where, as here, a defendant does not directly appeal the judgment, the defendant must file the Rule 24.035 motion within ninety days of the date the defendant is delivered to the custody of the department of corrections. *Logan,* 22 S.W.3d at 786. The time limits contained in Rule 24.035 are, on their face, mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). "Rule 24.035 makes no provision for extending the deadline for filing a motion for relief." *Reynolds,* 939 S.W.2d at 453.

In *State v. Pendleton,* 910 S.W.2d at 271 n. 3, this court considered the fact that the appellant was unaware of the circumstances on which he based his Rule 29.07 appeal until after he had been in the custody of the department of corrections for thirty days. The court posited the question of whether the statute of limitations of Rule 24.035 would begin to run the day the appellant went into the custody of the department of corrections, according to the black letter of the rule, or the day on which appellant became aware of the circumstances on which he based his appeal. *Pendleton,* 910 S.W.2d at 271 n. 3. We found it unnecessary to address the issue in that case, however, because the appellant filed his Rule 29.07 motion seventeen months after he was remanded to the custody of the department of corrections and at least fifteen months after he became aware of the circumstances that formed the basis of his motion. *Id.* We found that

in either case, the appellant's claim was time-barred by Rule 24.035(b). *Id.*

Similarly, in the present case, Ralston claims that he properly filed his claim under Rule 29.07 because he was not aware that he was ineligible for the drug treatment program until after the ninety-day time period in Rule 24.035 had passed. As in *Pendleton,* we need not address this claim because Ralston did not file his Rule 29.07 motion until almost four years after he was remanded to the department of corrections, and at least three years and seven months after it was ascertainable that he was ineligible for the drug treatment program. Either way, Ralston's claim would be barred under the time limit set forth in Rule 24.035(b).

However, as we stated in *Reynolds,* 939 S.W.2d at 455,

> [t]he unavailability of relief under Rules 24.035 or Rule 29.07(d) does not mean that [the movant] is without any avenue of relief. The Missouri Supreme Court specifically recognized in *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993), that habeas corpus relief under Rule 91 is available to correct manifest injustice, even if a detainee has failed to timely seek Rule 24.035 relief, if the detainee can establish that his grounds for relief were not "known to him" while Rule 24.035 proceedings were available and that his failure to file a timely motion under Rule 24.035 did not simply constitute "a calculated, strategic decision to forego both appeal and post-conviction motions in the hope of receiving probation within 120 days." *Id.* at 447. *See also White v. State,* 779 S.W.2d 571, 572 (Mo. banc 1989).

We hold that the relief sought by Ralston in his Rule 29.07(d) motion must be pursued in a habeas proceeding, not pursuant to Rule 29.07(d).

The judgment of the trial court is affirmed.

LAURA DENVIR STITH, P.J., and SMART, J., concur.