STATE of Missouri, Plaintiff–Respondent,

v.

David J. ADAMS, Defendant–Appellant.

No. 24454.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 29, 2002.

David J. Adams, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, and Richard A. Starnes, Assistant Attorney General, Jefferson City, Attorneys for Respondent.

ALMON H. MAUS, Senior Judge.

On July 23, 1999, David J. Adams ("Defendant") pled guilty to two counts of committing the class C felony of child abuse in violation of § 568.060.[1] On September 17, 1999, he was sentenced to imprisonment for three years on each count, to run consecutively. On January 9, 2001, Defendant filed a pro se motion under Rule 29.07(d) to withdraw his pleas of guilty. He alleges that he entered those pleas because the sentencing court "made it clear" that he would sentence Defendant under § 559.155 and that he would not be sentenced to any treatment program. In his motion, Defendant alleges that he was promised by the sentencing court that he would serve his sentence in the general population of the prison. But, he alleges he was placed in a therapeutic treatment program, that he "was subsequently terminated from that program," and that the parole report which was made pursuant to that statute was made by the therapeutic center and was unfavorable to Defendant. As a consequence he was denied probation. He further alleges that if he had not been assigned to the treatment program the report would have been favorable and parole would not have been denied. He prayed that the sentencing court set aside the sentences and grant him probation. The motion was denied, and Defendant was allowed to appeal as a "poor person."

In his pro se brief, Defendant asks this court to find that the sentencing court erred and remand the case to the trial court for re-sentencing. He relies entirely upon *Brown v. Gammon*, 947 S.W.2d 437 (Mo.App. W.D.1997). In *Brown*, a habeas corpus proceeding, the petitioner first entered a plea of guilty upon a plea agreement that he be sentenced to imprisonment for twelve years. However, the trial court in a colloquy before accepting the plea alternatively stated that upon a plea of guilty it would sentence petitioner to imprisonment for twenty years under § 559.115, and if petitioner completed a substance abuse program place him on probation. The petitioner renewed his plea of guilty upon the belief that if he completed such a program he would be placed on probation. He was sentenced to imprisonment for twenty years. However, the probation report filed with the court

1. All references to statutes are to RSMo (2000) and all references to rules are to Missouri Rules of Criminal Procedure (2001), unless otherwise indicated.

was that the program had not been completed because of a matter of time, but recommended that he be placed on probation at the end of the 120–day period. The sentencing court denied petitioner probation. The petitioner did thereafter successfully complete the program. 947 S.W.2d at 439–40.

■ In *Brown*, the petitioner first sought to withdraw his guilty plea in a habeas corpus proceeding filed in the circuit court. His petition was denied. He then filed his petition with the Missouri Court of Appeals, Western District. That court recognized that the type of relief sought by petitioner was cognizable in a motion under Rule 24.035[2] and relief under that rule was barred by the ninety-day time limit of that rule. The court stated that it was impossible for petitioner to comply with the time limit of that rule because it was impossible for him to realize he would be denied probation until after the expiration of that time limit. The appellate court found that petitioner's belief was reasonable and that habeas corpus relief was available in circumstances under which "a manifest injustice would result in the absence of habeas corpus relief." *Id.* at 440. That court vacated the sentence and remanded the case to give the petitioner the opportunity to withdraw his guilty plea. *Id.*

■ This is not and cannot be considered a habeas corpus proceeding.[3] The rule invoked by the Defendant, Rule 29.07(d), provides:

Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty may be

made only before sentence is imposed or when imposition of sentence is suspended; but to correct *manifest injustice* the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea. (Emphasis added.)

In *Clay v. Dormire*, 37 S.W.3d 214 (Mo. banc 2000), a habeas corpus proceeding based upon an erroneous consideration of an expunged prior conviction, the Supreme Court of Missouri considered an exception to the general rule that habeas corpus cannot be used to raise procedurally barred claims (those that could have been raised, but were not on direct appeal or in post-conviction proceeding). "Very limited exceptions to this rule are recognized where the person seeks to use the writ 'to raise jurisdictional issues or in circumstances so rare and exceptional that *a manifest injustice* results' if habeas corpus relief is not granted." *Id.* at 217 (emphasis added). The court held "that the manifest injustice or miscarriage of justice standard requires the habeas corpus petitioner 'to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.*

■ It is not necessary to determine if the term manifest injustice as used in Rule 29.07(d) bears that meaning. A movant is entitled to an evidentiary hearing only if the basis upon which he seeks relief is "not refuted by the record and files in the case including the criminal matter." *McClellan v. State*, 967 S.W.2d 706, 708 (Mo.App. S.D.1998). In the instant case, the comments of the sentencing court upon sen-

---

**2.** "A defendant may not bypass the time limits of Rule 24.035 simply by asserting a Rule 24.035 claim under Rule 29.07." *State v. Ralston*, 41 S.W.3d 620, 622 (Mo.App. W.D. 2001). *See also State v. Elder*, 36 S.W.3d 817, 820 (Mo.App. S.D.2001); *Logan v. State*, 22 S.W.3d 783, 785 (Mo.App. W.D.2000); *Reyn-*

olds v. State, 939 S.W.2d 451–455 (Mo.App. W.D.1996).

**3.** An appeal does not lie in a habeas corpus proceeding. *Taylor v. State*, 51 S.W.3d 149, 152 (Mo.App. S.D.2001).

tencing Defendant were: "I'm going to sentence you to Missouri Department of Corrections under Section 559.115. That means that if you do okay—but I'm not going to sentence you to a program because I don't think they have any programs in Department of Corrections for the things that are a problem here." The court then explained the procedure under § 559.115.

The record in the case clearly shows that Defendant entered his plea of guilty long prior to his sentencing and independent of any alleged representation or promise, and that the court made no representation to Defendant that he would not be placed in a treatment program. A belief to the contrary is not reasonable. *See* *McClellan*, 967 S.W.2d at 709. The record refutes the basis upon which the Defendant seeks relief, and his motion was properly denied. The judgment of the motion court is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.