STATE of Missouri, Respondent,

v.

Lane M. VOGT, Appellant.

No. WD 70378.

Missouri Court of Appeals,
Western District.

Dec. 15, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 2, 2010.

Application for Transfer Denied
March 23, 2010.

Kent E. Gipson, for Appellant.

Shaun J. Mackelprang, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and CINDY MARTIN, Judge.

·VICTOR C. HOWARD, Judge.

Lane Vogt appeals the denial of his Rule 29.07(d) motion to withdraw his guilty plea. On appeal, Vogt claims that the trial court erred in denying his motion because: (1) his continued incarceration constitutes a manifest injustice in that his convictions were secured in violation of his Fourth Amendment rights; and (2) his trial coun-

sel's failure to advise him of a Fourth Amendment defense rendered his guilty plea involuntary. The judgment of the trial court is affirmed.

## Factual and Procedural Background

Pursuant to a plea bargain agreement, Lane Vogt pled guilty to the offenses of trafficking drugs in the second degree, possession of a controlled substance, and receiving stolen property. Vogt was sentenced to serve concurrent terms of fifteen years without the possibility of parole for trafficking, fifteen years for possession, and seven years for receiving stolen property.

The charges against Vogt arose from a traffic stop that occurred on February 28, 2002. After observing several traffic violations, an officer pulled over a vehicle in which Vogt was a passenger. Stephen Maginnis was driving the vehicle. After questioning both men, the officer had a drug dog sniff the vehicle, and the dog indicated that there were drugs in the vehicle. The officer then discovered a safe in the trunk of the car that contained a large amount of marijuana and methamphetamine, and a handgun.

After his arrest, Vogt was first represented by two public defenders but later retained a private attorney. None of the attorneys filed a motion to suppress the evidence seized from the vehicle, and Vogt alleges that none of them advised him that he may have had a viable claim that the stop or search violated the Fourth Amendment. Vogt alleges that he believed he had no choice but to plead guilty, and therefore, he accepted a plea bargain agreement.

Meanwhile, Maginnis's attorney filed a motion to suppress the evidence, but the motion was denied. Maginnis pled not guilty, went to trial, and was convicted and sentenced to eighteen years of imprisonment. Maginnis appealed and this court reversed the decision of the trial court denying his motion to suppress the evidence, finding that Maginnis was impermissibly detained beyond the reasonable scope of the stop and that, therefore, the evidence was improperly seized. *State v. Maginnis*, 150 S.W.3d 117, 122 (Mo.App. W.D.2004). We further held that, without the seized items, there was insufficient evidence to support Maginnis's conviction. *Id.*

When Vogt learned of the court's ruling in his co-defendant's case, the time limit for filing a Rule 24.035 motion had passed. Consequently, Vogt filed petitions seeking habeas corpus relief in the circuit court of Pike County, in the Eastern District Court of Appeals, and in the Missouri Supreme Court. Each of Vogt's petitions was denied.

Following the denial of his habeas petitions, Vogt filed a Rule 29.07(d) motion to withdraw his guilty plea. In his motion, Vogt argued that, based on the *Maginnis* ruling, his convictions were secured in violation of his Fourth Amendment rights. He also argued that, because his attorneys provided ineffective assistance of counsel by failing to advise him of a possible Fourth Amendment defense, his guilty plea was not made knowingly, voluntarily, or intelligently.

After reviewing the motion, the trial court determined that Vogt's claim was of the type normally included in a Rule 24.035 motion. Relying on *Brown v. State*, 66 S.W.3d 721 (Mo. banc 2002), the trial court found that Vogt could not use Rule 29.07 as a means to evade the time limits established for filing a Rule 24.035 motion. Therefore, the trial court dismissed Vogt's motion to withdraw his guilty plea for lack of jurisdiction. This appeal by Vogt followed.

## Standard of Review

 A motion to withdraw a guilty plea should be granted by the trial court "only upon a showing that the relief of withdrawal of the plea is necessary to correct manifest injustice." *State v. Pendleton,* 910 S.W.2d 268, 270 (Mo.App. W.D. 1995). "In reviewing the denial of a motion to withdraw [a] guilty plea pursuant to Rule 29.07, the reviewing court is to determine whether the trial court abused its discretion or was clearly erroneous." *Id.* The defendant has the burden of proving by a preponderance of the evidence that the trial court erred. *Id.*

## Discussion

 On appeal, Vogt contends that the trial court erred in denying his Rule 29.07(d) motion to withdraw his guilty plea. He claims that his motion should have been granted because: (1) his continued incarceration constitutes a manifest injustice in that his convictions were secured in violation of his Fourth Amendment rights; and (2) his trial counsel's failure to advise him of a Fourth Amendment defense rendered his guilty plea involuntary.

According to Rule 29.07(d), "A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." However, a defendant may not seek relief under Rule 29.07(d) in an effort to evade the time limitations that apply to Rule 24.035 claims. *Brown,* 66 S.W.3d at 723. To that end, the State argues that because Vogt's claim is within the scope of the claims enumerated in Rule 24.035, he cannot proceed under Rule 29.07(d) in order to evade the time limits set forth in Rule 24.035(b).

Rule 24.035(a) provides that:

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

In *Brown,* the Missouri Supreme Court interpreted both Rules 29.07 and 24.035 and held that, even where a defendant asserts that he could not have brought the claim within the time limits set out in Rule 24.035,[1] the defendant must assert his untimely Rule 24.035 claim in a petition for habeas corpus, rather than in a Rule 29.07(d) motion. 66 S.W.3d at 730.

While Vogt recognizes that the holding in *Brown* "creates a significant procedural impediment" to his ability to obtain the relief sought in his Rule 29.07(d) motion, Vogt argues that *Brown* did not preclude the trial court from granting the relief sought for two reasons. First, Vogt asserts that he may bring his claim in a Rule 29.07(d) motion because his claim does not come within the parameters of Rule

---

1. Vogt asserts that he could not have asserted his claim within the time limits of Rule 24.035 because he did not learn of the *Maginnis* ruling until after the time limits had passed.

24.035.[2] Second, Vogt contends that, because the primary rationale underlying the holding in *Brown* was the availability of habeas relief as a means of seeking redress, and habeas corpus does not provide him with a meaningful avenue for seeking relief, *Brown* should not preclude him from proceeding under Rule 29.07(d).

█ As Vogt acknowledges, a defendant who pleads guilty "waives all claims of error except those affecting the voluntariness of the plea or the understanding with which the plea was made." *Pettis v. State*, 212 S.W.3d 189, 193 (Mo.App. W.D.2007); *see also Williams v. State*, 765 S.W.2d 392, 393 (Mo.App. S.D.1989) (allegation that counsel was ineffective for failing to file a motion to suppress does not state a basis for relief). Accordingly, Vogt attempts to characterize his claim as a "freestanding Fourth Amendment claim," which cannot be brought in a Rule 24.035 motion because such claims are waived by the entry of a guilty plea.[3] He argues that, because an independent constitutional claim cannot be raised in a Rule 24.035 motion after a guilty plea, *Brown* does not preclude him from pursuing his claim via Rule 29.07(d). However, Vogt has no independent constitutional claim to pursue.

█ By admitting he committed the crimes charged, Vogt relinquished the ability to raise independent constitutional claims. " '[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.' " *Goodwin v. State*, 502 S.W.2d 269, 272 (Mo.1973) (quoting *Tollett v. Henderson*, 411 U.S. 258, 266–67, 93 S.Ct. 1602, 36

L.Ed.2d 235 (1973)). When a defendant admits he is guilty of a crime, " 'he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea,' " but instead " 'may only attack the voluntary and intelligent character of the guilty plea by showing' " ineffectiveness of counsel. *Id.* (quoting *Tollett*, 411 U.S. at 266–67, 93 S.Ct. 1602).

Regardless, the essence of Vogt's claim is that his counsel failed to discover and properly evaluate facts to enable him to recognize and resolve a violation of his constitutional rights. "[W]hile claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for ... relief." *Id.* at 271, 93 S.Ct. 1602. Vogt's argument that he is seeking vindication for a constitutional violation independent of his counsel's competency is without merit.

The weight of Vogt's contentions comes down squarely on the issue of competency of counsel. Accordingly, his claims fall among those contemplated by Rule 24.035. And, the instructive language of our Supreme Court in *Brown* is clear. A time-barred claim that would otherwise come within the embrace of Rule 24.035 must be pursued by habeas corpus rather than by Rule 29.07(d). The relevant issue is whether Vogt's claim is within the scope of those enumerated in Rule 24.035, not whether he could successfully litigate his claim in a motion brought pursuant to that rule.

**2.** A Rule 29.07(d) motion to withdraw a guilty plea may be proper when the motion contains grounds other than those enumerated in Rule 24.035. *See Brown*, 66 S.W.3d at 730 n. 5.

**3.** We note that the second part of Vogt's claim, in which he asserts that his trial counsel was ineffective for failing to advise him of

a viable Fourth Amendment claim, clearly falls within the scope of Rule 24.035 and cannot be raised in a Rule 29.07(d) motion. Therefore, the remainder of our analysis focuses on Vogt's claim that his convictions were secured in violation of his Fourth Amendment rights.

Vogt also asserts that because he was unable to successfully pursue his Fourth Amendment claim in a state habeas action, the holding in *Brown* should not preclude him from bringing his claim in a motion to withdraw his guilty plea. In support of this argument, Vogt contends that the primary rationale underlying the holding in *Brown* is the fact that state habeas corpus relief remains a viable option. Nothing in the *Brown* opinion supports Vogt's contention. The court merely held that habeas corpus, rather than Rule 29.07(d), is the proper mechanism by which a person "may attempt to obtain relief" for the type of claim Vogt seeks to assert here. *Brown,* 66 S.W.3d at 730. Hence, Vogt has the ability to seek relief by means of a habeas petition—whether he can establish a claim that warrants habeas relief has no bearing on the issue of whether the *Brown* holding applies to his claim.

Because Vogt's claim comes within those enumerated in Rule 24.035 and he asserts that he could not bring the claim within the time limits set out in the rule, Vogt must seek relief by means of a habeas corpus petition, rather than a Rule 29.07(d) motion to withdraw his guilty plea. *Id.* The trial court did not clearly err or abuse its discretion in dismissing his motion.

The judgment of the trial court is affirmed.

All concur.